**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| | ) | Case No. 11 B 14829 |
| PASQUINELLI HOMEBUILDING, LLC, | ) | |
| | ) | Honorable Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | Hearing: July 26, 2011, at 9:30 a.m. |
| | ) | |

**NOTICE OF MOTION OF FIRST AND FINAL FEE APPLICATION OF
JENNER & BLOCK LLP, AS GENERAL COUNSEL FOR THE INTERIM TRUSTEE,
FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED**

TO:   SEE ATTACHED SERVICE LIST

   PLEASE TAKE NOTICE that on July 26, 2011, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 619, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **First and Final Fee Application of Jenner & Block LLP, as General Counsel for the Interim Trustee, for Payment of Compensation for Services Rendered ,** at which time and place you may appear as you see fit.

Dated: July 5, 2011                          JENNER & BLOCK LLP


                              *BY:*         /s/ Ronald R. Peterson
                                    *One of its partners*

Ronald R. Peterson (2188473)
David H. Hixson (6289751)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
PH:   312-222-9350
FAX:  312-527-0484

## CERTIFICATE OF SERVICE

I, Ronald R. Peterson certify that, on July 5, 2011, I caused a copy of the foregoing **Notice of Motion** and **First and Final Fee Application of Jenner & Block LLP, as General Counsel for the Interim Trustee, for Payment of Compensation for Services Rendered** to be served upon each of the parties who are currently on the Court's Electronic Mail Service List via the Court's CM/ECF System.

*/s/ Ronald R. Peterson*
Ronald R. Peterson

## SERVICE LIST

### ECF REGISTRANTS:

| |
|---|
| David Audley audley@chapman.com, benz@chapman.com |
| Richard M Bendix rbendix@dykema.com, nrakunas@dykema.com |
| Allan J DeMars alland1023@aol.com |
| Tejal S. Desai tdesai@llflegal.com |
| Maria A Diakoumakis mdiakoumakis@dykema.com, DocketCH@dykema.com |
| Zachary J Garrett zachary.garrett@goldbergkohn.com |
| Joshua M Grenard jgrenard@mayerbrown.com, courtnotification@mayerbrown.com |
| John W Guzzardo jguzzardo@shawgussis.com |
| Thomas S Kiriakos tkiriakos@mayerbrown.com |
| Randall Klein randall.klein@goldbergkohn.com, amy.halpin@goldbergkohn.com, |
| Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov |
| Steven A Levy steven.levy@goldbergkohn.com, |
| Sara E. Lorber slorber@wfactorlaw.com |
| Joseph P Lombardo lombardo@chapman.com, lombardo@chapman.com |
| Elizabeth Z. Mathieson emathieson@tresslerllp.com |
| William J. McKenna wmckenna@foley.com |
| Kevin H. Morse khmorse@arnstein.com |
| Karen Newbury knewbury@schiffhardin.com |
| Monica C. O'Brien gstern3@flash.net |
| Kathlee R. Pasulka-Brown kpasulka-brown@pjjq.com |
| Ann E Pille ann.pille@dlapiper.com, apille@reedsmith.com |
| Rebecca D. Rosenthal rdr@ag-ltd.com |
| Brian L Shaw bshaw100@shawgussis.com, bharrington@shawgussis.com |
| Gregory K. Stern gstern1@flash.net |
| William R. Stone wstone@mayerbrown.com |
| Jon C. Vigano jvigano@schiffhardin.com |
| John R. Weiss jrweiss@duanemorris.com |
| Richard Wohlleber wohlleber@chapman.com, benz@chapman.com;lombardo@chapman.com |

<u>SERVICE BY U.S. MAIL</u>

David B. McCall
Gay, McCall, Isaacks, Gordon & Roberts, P.C.
777 East 15th Street
Plano, TX 75074

Shayne D. Moses
David A. Palmer
Moses Palmer & Howell LLP
309 W. 7th St., Ste. 815
Ft. Worth, TX  76102

Thaddeus T. Rieger
Zaino & Humphrey LPA
5775 Perimeter Dr., Ste. 180
Dublin, OH  43017

City of Forth Worth
ATTN:  Christopher B. Mosley
1000 Throckmorton St.
Ft. Worth, TX 76102

John P. Dillman
Linebarger Goggan Blair & Sampson
P.O. Box 3064
Houston, TX  77253

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| | ) Case No. 11 B 14829 |
| PASQUINELLI HOMEBUILDING, LLC, | ) |
| | ) Honorable Jacqueline P. Cox |
| | ) |
| Debtor. | ) Hearing: July 26, 2011, at 9:30 a.m. |
| | ) |

**FIRST AND FINAL FEE APPLICATION OF
JENNER & BLOCK LLP, AS GENERAL COUNSEL FOR THE INTERIM TRUSTEE,
FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED**

Jenner & Block LLP ("Jenner & Block"), counsel of record for Allan J. DeMars, not individually but as the interim chapter 7 trustee (the "Interim Trustee") for the bankruptcy estate of Pasquinelli Homebuilding, LLC (the "Debtor"), hereby submits, pursuant to 11 U.S.C. §§ 327, 330 and 331 and the order granting the Trustee's Motion to Retain Counsel (Dkt. 46, the "Jenner Retention Order"), this fee application (the "Application") for final approval and allowance of compensation in the amount of $13,468.50 for the reasonable and necessary legal services rendered to the Interim Trustee for the period from April 7, 2011 through June 27, 2011 (the "Compensation Period"). In further support of this Application, Jenner respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as

supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines"), the Administrative Order and the Customer Adequate Protection Stipulation (collectively, the "Guidelines").

## BACKGROUND

3. On April 7, 2011, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Also on April 7, 2011, the United States Trustee appointed Allan J. DeMars as the Interim Trustee.

4. On May 10, 2011, the Court entered the Jenner Retention Order granting the Interim Trustee's application to retain Jenner & Block as his counsel, retroactive to April 7, 2011.

5. On May 24, 2011, the United States Trustee conducted the initial meeting of creditors pursuant to § 341 of the Bankruptcy Code. At the meeting, creditors nominated and elected Alex Moglia as the permanent chapter 7 trustee for the Debtor's estate. On May 26, 2011, the United States Trustee filed a Report of Election confirming that Mr. Moglia is the permanent chapter 7 trustee. On June 3, 2011, the Interim Trustee filed an Interim Final Report and Account.

6. Contemporaneously with the filing of the instant Application, Jenner is filing a motion to withdraw as counsel of record to the Interim Trustee.

## PROFESSIONAL COMPENSATION

7.  Jenner submits this Application seeking final approval and allowance of compensation in the amount of $13,468.50 for the Compensation Period.

8.  The fees sought by this Application reflect an aggregate of 22.8 hours of attorney and paraprofessional time spent and recorded in performing services for the Interim Trustee during the Compensation Period. Of the aggregate time expended, 6.1 recorded hours were expended by partners, 16.7 recorded hours were expended by counsel and associates, and 2.3 recorded hours were expended by paralegals and project assistants.

9.  During the Compensation Period, Jenner's hourly billing rates for attorneys working on these matters ranged from $275.00 to $800.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $536.59. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

10. Attached hereto as Exhibit A is a schedule setting forth all Jenner professionals and paraprofessionals who have performed services in this chapter 7 case during the Compensation Period, the capacities in which each such individual is employed by Jenner, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor, the year in which each professional was first licensed to practice law and the year in which each professional graduated from law school.

11. Attached hereto as <u>Exhibit B</u> is a summary by project categories of the fees generated by the services performed during the Compensation Period and, for each separate project category, a list of each person providing services on the project, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

12. Attached hereto as <u>Exhibit C</u> are detailed descriptions of the day-to-day services provided and the time expended performing such services in each project billing category

13. The fees charged by Jenner in this case are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. The rates Jenner charges for the services rendered by its professionals and paraprofessionals in this chapter 7 case are the rates charged by the firm for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

14. All of the services for which interim compensation is sought were rendered to the Interim Trustee solely in connection with this case, in furtherance of the duties and functions of the Interim Trustee and not on behalf of any individual creditor or other person.

15. Jenner has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

16. Jenner has not shared, or agreed to share, (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been

4

received by Jenner or any member thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

## SUMMARY OF SERVICES PROVIDED

17.　During the Compensation Period and in accord with the Jenner Retention Order, Jenner rendered actual and necessary services to the Interim Trustee and the Debtor's estate. These services included the following:

(a)　Preparation and review of Jenner's application to be employed as the Interim Trustee's general counsel, Arnstein & Lehr's application to be employed as the Interim Trustee's special counsel ("Special Counsel), and related documents;

(b)　Conferences with the Interim Trustee, Special Counsel, and the Debtor's counsel regarding responsibilities and required information;

(c)　Review and analysis of the estate's potential avoidance actions, including conferences with potential experts;

(d)　Review and analysis of the Debtor's insurance policies;

(e)　Review and analysis of proofs of claim filed by judgment creditors;

(f)　Review and analysis of the Debtor's schedules and statement of financial affairs; and

(g)　All other work requested by the Interim Trustee.

18.　The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the chapter 7 case and were in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Jenner has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

19.　In preparing this Application, Jenner calculated the amount of time spent by each attorney and paralegal in performing actual and necessary legal services for the Interim Trustee.

That data came directly from computer printouts that are kept on each Jenner client. Time entries are kept on daily logs or on computer hard drives. These entries are in turn reported to the firm's main frame computer, which produced the time records for this Application. Jenner attorneys have reviewed the computer printouts for errors.

20. The rates used in Application are the customary and usual rates which Jenner charges clients on matters of this type.

21. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id*. § 330(a)(3).

22. In the case at bar, Jenner respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Interim Trustee's efforts in administrating the Debtor's estate, and necessary to and in the best interests of the Debtor's estate. Jenner further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Interim Trustee.

23. Jenner used its considerable internal resources to ensure that attorneys with specific knowledge and practice area concentrations addressed non-bankruptcy issues, thereby minimizing unnecessary research and costs to the Debtor's estate. To the extent reasonably practical, drafting and research tasks were assigned to attorneys at the associate level, while partners engaged in key negotiations and litigation.

24. The rates charged by Jenner in this case are its standard rates for bankruptcy work of this nature in effect over the Compensation Period, and are identical to the rates it would charge throughout the country in any bankruptcy case of this size and prominence. The rates charged by Jenner also are consistent with reasonable and customary hourly rates charged by other attorneys throughout the country in matters of similar complexity and scope.

25. In sum, the services rendered by Jenner were necessary and beneficial to the Debtor's estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the interim compensation sought herein for the Compensation Period is warranted.

## **NOTICE**

26. Jenner has given approximately 21 days' notice of this Application to: (a) the United States Trustee, and (b) all parties who formally requested notice in the Debtor's bankruptcy case and who appear on the service list in customary use in this case. The Jenner believes this notice is sufficient and requests that the Court waive any further notice requirement.

**CONCLUSION**

WHEREFORE, Jenner respectfully requests: (i) allowance and payment of compensation for professional services rendered during the Compensation Period in the amount of $13,468.50; and (ii) that the Court grant Jenner such other and further relief as is just.

Dated: July 5, 2011                                              JENNER & BLOCK LLP

*BY:*          /s/ Ronald R. Peterson
                                                                                *One of its partners*

Ronald R. Peterson (2188473)
David H. Hixson (6289751)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
PH:    312-222-9350
FAX:  312-527-048

8