## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| PASQUINELLI HOMEBUILDING, LLC, | ) Case No. 11-14829 |
| | ) (Jointly Administered) |
| | ) |
| | ) Honorable Jacqueline P. Cox |
| | ) |
| In re: | ) Case No. 11-25203 |
| PASQUINELLI FINANCIAL, LLC, | ) |
| | ) |
| In re: | ) Case No. 11-25205 |
| PASQUINELLI MANAGEMENT, LLC | ) |
| | ) |
| In re: | ) Case No. 11-25207 |
| PASQUINELLI HOMES, LLC, | ) |
| | ) |
| In re: | ) Case No. 11-25210 |
| PORTRAIT HOMES INDIANA, LLC, | ) |
| | ) |
| In re: | ) Case No. 11-25211 |
| PORTRAIT HOMES NORTH CAROLINA, LLC | ) |
| | ) |
| In re: | ) Case No. 11-25213 |
| PORTRAIT HOMES TEXAS, LLC, | ) |
| | ) |
| Debtors. | ) |

### FINAL ORDER AUTHORIZING INTERCOMPANY BORROWING AMONG CERTAIN DEBTORS' ESTATES AND GRANTING RELATED RELIEF

THIS MATTER having come before this Court upon the motion (the "Motion") by Alex

D. Moglia, not individually, but solely in his capacity as Chapter 7 trustee (the "Trustee") of the

bankruptcy estates of Pasquinelli Homebuilding, LLC ("Homebuilding"; Case No. 11-14829),

11-14829:240.2:Notice:Proposed Order Exhibit B Entered: 2/14/2012 9:42:02 AM by:Jason Torf Page 3 of 19

Pasquinelli Financial, LLC ("Financial"; Case No. 11-25203), Pasquinelli Management, LLC ("Management"; Case No. 11-25205), Pasquinelli Homes, LLC ("Homes"; Case No. 11-25207), Portrait Homes - Indiana, LLC ("Portrait Homes - Indiana"; Case No. 11-25210), Portrait Homes - North Carolina, LLC ("Portrait Homes - North Carolina"; Case No. 11-25211) and Portrait Homes - Texas, LLC ("Portrait Homes - Texas"; Case No. 11-25213) (collectively, the "Debtors"), pursuant to sections 105, 361, 362, 363 and 364(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rules 2002, 4001(c) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of interim and final orders authorizing intercompany borrowing among certain of the Debtors as described in the Motion; the Court having considered the Motion and the evidence submitted at the interim hearing on the Motion held on February 9, 2012 (the "Interim Hearing") and the final hearing on the Motion held on February 23, 2012 (the "Final Hearing"); the Court having granted the Motion on an interim basis by the *Interim Order Authorizing Intercompany Borrowing Among Certain Debtors' Estates, Scheduling a Final Hearing and Granting Related Relief* [Dkt. No. 239] (the "Interim Order"); and in accordance with Bankruptcy Rules 2002, 4001(b), (c), and (d) and 9014 and the local rules of this Court; due and proper notice of the Motion and the Final Hearing having been given to all parties entitled to notice thereof; the Final Hearing having been held and concluded; and it appearing that approval of the relief requested in the Motion in the form of this final order (this "Final Order") is fair and reasonable and in the best interests of the Debtors, their creditors and their estates, and is essential for the liquidation of the Debtors' assets; and it further appearing that the Trustee is unable to obtain adequate unsecured credit allowable either (a) under sections 364(b) and 503(b)(1) of the Bankruptcy Code or (b) under section 364(c)(1) of the Bankruptcy Code or to obtain adequate credit secured under sections

11-14829:240.2:Notice:Proposed Order Exhibit B Entered: 2/14/2012 9:42:02 AM by:Jason Torf Page 4 of 19

364(c)(2) or 364(c)(3) of the Bankruptcy Code from sources other than the Lenders on terms more favorable than the terms of the Trustee Loan Obligations; and all objections, if any, to the entry of this Final Order having been withdrawn, resolved or overruled by this Court; and after due deliberation and consideration, and for good and sufficient cause appearing therefore;[1]

**BASED UPON THE RECORD ESTABLISHED AT THE FINAL HEARING, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.    **Election of Trustee.**  On May 26, 2011, Alex Moglia was elected to serve as the permanent chapter 7 trustee of debtor Homebuilding on May 26, 2011.  Subsequently, on June 15, 2011, the 2nd Tier Debtors each filed voluntary petitions for relief under chapter 7 of Bankruptcy Code.  On June 17, 2011, the United States Trustee for the Northern District of Illinois appointed Alex Moglia as interim trustee for the remaining Debtors.  The Court entered an order directing the joint administration of the Debtors' bankruptcy cases on July 12, 2011.

B.    **Jurisdiction and Venue**.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

C.    **Notice.**  The Final Hearing was held pursuant to the authorization of Bankruptcy Rule 4001 and Local Rule 4001-2.  Notice of the Final Hearing and the relief requested in the Motion has been provided by the Trustee to those parties who have requested notice in these cases and who receive electronic notice via the Court's CM/ECF system and to the Office of the United States Trustee and was provided and served in accordance with the requirements set forth in the Interim Order.  Under the circumstances, such notice of the Final Hearing and the relief requested in the Motion is due and sufficient notice and complies with sections 102(1) and

---

[1] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Motion.

364(c) of the Bankruptcy Code, Bankruptcy Rules 2002, 4001(c) and 4001(d) and the local rules of this Court.

D. **Current Funds.** Under the prior administration of Allan DeMars as interim chapter 7 trustee of Homebuilding, various deposit accounts were collected and orders were entered by this Court authorizing the use of such funds to pay final compensation to Mr. DeMars and his counsel, Jenner & Block LLP and Arnstein & Lehr LLP, and to pay retainers to financial advisors and counsel to the Trustee, without allocation of the source. As a result of the foregoing, the Trustee currently has on deposit the sum of $815,531.13.43[2] in his trustee account at Bank of New York Mellon (the "Funds").

E. **Difficulty Allocating Ownership to Funds Needed For Administration.** The Trustee represents that his investigation to date, including information turned over by the interim chapter 7 trustee for Homebuilding, indicates that it may be difficult to trace the origin of the Funds. Prior to the commencement of these chapter 7 cases, the Debtors and their non-debtor affiliates operated a complex cash management system whereby borrowings from lenders and proceeds of sale of improved real estate were transferred to various concentration accounts nominally under the control of Financial and Management, then transferred to Homebuilding and Tier 2 and Tier 3 entities in order to pay their payables. The incomplete state of documentation and of the recollection of Debtors' representatives at the meetings of creditors conducted to date suggests that the accounting scheme of distributions and intercompany loans may not track reality of the transfers. Hence, the following allocation of Funds among Debtors and non-debtors is suspect, but the best available: Homebuilding: $100,852.46 (includes interim payment from Stewart Title); Management: $266,794.21 (includes trust account of Debtor's counsel);

---

[2] Of this amount, $185,131.79 and possibly more may be for non-debtor entities (depending on further investigation).

11-14829:240.2:Notice:Proposed Order Exhibit B Entered: 2/14/2012 9:42:02 AM by:Jason Torf Page 6 of 19

Financial: $249,937.63; Portrait Homes – Chicago: $0.00; Portrait Homes - Texas: $2,550.04; Portrait Homes - North Carolina: $10,130.00; and aggregated among Non-debtor entities including Pasquinelli Mortgage, Portrait Homes – Summerwood and Portrait Homes – South Carolina: $185,131.79 or more.

F.    **Findings Regarding the Trustee Loan Obligations.**

(i)    **Need for Trustee Loan Obligations**.  The Trustee has incurred and expects to incur additional administrative expenses entitled to priority under § 503(b)(2) of the Bankruptcy Code in these cases which must be funded, including for the examination of records, the filing of schedules and the prosecution of valuable litigation claims.  Since there are no ongoing operations of the Debtors to generate income, the Trustee has concluded that intercompany borrowing is the best means to fund ongoing administrative expenses and to protect the rights of creditors of the estates or entities from which the borrowing will occur.

The Trustee, on behalf of the Borrowers, has an immediate and critical need to incur the Trustee Loan Obligations (defined below) in order to pay the professionals to these estates.  Absent present payment of their fees, the Trustee cannot presume that his professionals will continue to provide the valuable services needed to recover valuable estate assets that may be available for distribution to creditors.

(ii)    **Anticipated Borrowing**.  The Borrowers must borrow in order to pay administrative expenses sought by the Trustee's professionals pursuant to fee applications filed or expected to be filed with the Court.  Such professionals' fee applications have attempted and will attempt to allocate their time among the Debtors' estates and, if and when allowed by the Court, will be paid first from the assets of the estate for which the

allowed fees were rendered or expenses incurred. However, the cash shortfall in the estates of Homebuilding, Management, Homes, Portrait Homes - Indiana, Portrait Homes - North Carolina and Portrait Homes - Texas for which professional services were rendered and will be rendered and other administrative expenses incurred (the "Borrowers") requires borrowing by them (the "Trustee Loan Obligations") from other estates (the "Lenders").

(iii)   **No Credit Is Available on More Favorable Terms**.   The Trustee is unable to obtain adequate unsecured credit allowable either (a) under sections 364(b) and 503(b)(1) of the Bankruptcy Code or (b) under section 364(c)(1) of the Bankruptcy Code. The Trustee is unable to obtain adequate credit secured under sections 364(c)(2) or 364(c)(3) of the Bankruptcy Code from sources other than the Lenders on terms more favorable than the terms of the Trustee Loan Obligations.   The only source of credit available to the Trustee are the Trustee Loan Obligations.

(iv)   **The Trustee Loan Obligations Are Fair and Reasonable**.   The terms of the Trustee Loan Obligations are fair and reasonable, reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

(v)   **The Trustee Loan Obligations Are Non-Recourse to the Trustee Personally**.   The Trustee shall have no personal liability for the Trustee Loan Obligations, which shall be non-recourse to the Trustee and solely liabilities of the respective bankruptcy estates that are Borrowers.   Each Lender's sole recourse with respect to repayment of the Trustee Loan Obligation of a Borrower shall be limited to the

11-14829:240.2:Notice:Proposed Order Exhibit B Entered: 2/14/2012 9:42:02 AM by:Jason Torf Page 8 of 19

Trustee Superpriority Claim (defined below) against such Borrower, subject to the Carve-Out (defined below).

G.   **Documentation of Trustee Loan Obligations**.   Each Borrower estate will execute a grid note payable to a Lender estate to evidence its Trustee Loan Obligations in substantially the form attached to the Motion as Exhibit 2 with the amount of the borrowing filled in (the "Notes").

H.   **Maximum Trustee Loan Obligations**.   Subject to the availability of funds in a Lender estate, each Borrower estate may borrow up to $1 million with an aggregate borrowing of $2 million by all Borrower estates.

I.   **Use of Proceeds of the Trustee Loan Obligations**.   Proceeds of the Trustee Loan Obligations shall be used, in each case, in a manner consistent with the terms and conditions of this Final Order to fund the administrative expenses of the estates incurred in the ordinary course in accordance with the Bankruptcy Code, including (1) professional fees and expenses as allowed by the Court and (2) the out-of-pocket expenses of Diamond & McCarthy, the Trustee's special litigation counsel (*see* Dkt. No. 217), that the Trustee concludes are in good order and are in accordance with the Trustee's engagement agreement with Diamond & McCarthy, not to exceed $22,500 per quarter and subject to allowance and adjustment as appropriate each quarter pursuant to any orders entered by this Court concerning Diamond & McCarthy's expenses.   The Trustee expects that the administrative expenses of the estates will approximate the amounts set forth on the Budget attached hereto as Exhibit 1.

J.   **Payment of Interest and Expenses**.   The Borrowers are authorized to pay, and the Lenders are entitled to receive, interest on the principal amount of the Trustee Loan

Obligations at the rate of 5.25%.  Such interest will accrue and be payable with principal upon the maturity of the Notes.

K.   **Business Judgment and Good Faith Pursuant to Section 364(e).**  The terms and conditions of the Trustee Loan Obligations and this Final Order are fair, reasonable, and the best available under the circumstances, reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties, and are supported by reasonably equivalent value and consideration.  The Trustee Loan Obligations and this Final Order were negotiated in good faith and at arms' length between the Borrowers and the Lenders.  The use of the proceeds to be extended under the Trustee Loan Obligations will be extended in good faith and for valid business purposes and uses, as a consequence of which each of the Lender estates is entitled to the protections and benefits of section 364(e) of the Bankruptcy Code.

L.   **Relief Essential; Best Interest**.  The relief requested in the Motion is necessary, essential, and appropriate for the reasons stated in the Motion.  It is in the best interest of the Debtors' estates to be allowed to incur the Trustee Loan Obligations contemplated by this Final Order.

**NOW, THEREFORE**, on the Motion of the Trustee and the record before this Court with respect to the Motion, and good and sufficient cause appearing for the entry of the relief requested in the Motion,

**IT IS HEREBY ORDERED** that:

1.   **Motion Granted.**  The Motion is granted in accordance with the terms and conditions set forth in this Final Order.[3]

---

[3] To the extent that there is a conflict between the Motion and the terms and conditions of this Final Order, the terms and conditions of this Final Order shall control.

2.     **Documentation of Trustee Loan Obligations.**

(a)     **Approval of Borrowings and Notes.**  The Trustee, on behalf of each Borrower, is expressly and immediately authorized and empowered to incur and perform the Trustee Loan Obligations in accordance with, and subject to, the terms of this Final Order and to execute and deliver Notes from each Borrower to each Lender to evidence the Trustee Loan Obligations from time to time outstanding in accordance with this Final Order.  Each Borrower is hereby authorized to perform all acts, and subject to the provisions of this Final Order, to pay the principal and interest described in this Final Order and the Notes as such become due, which amounts shall not otherwise be subject to approval of this Court.  This Final Order and the Notes represent valid and binding obligations of each Borrower enforceable against such Borrower in accordance with their terms.

(b)     **Interest and Fees.**  Each Borrower is hereby authorized and directed to pay interest to each Lender estate on the outstanding principal balance of the Trustee Loan Obligations pursuant to this Final Order at the annual rate of 5.25% per annum.  Interest shall be calculated on the basis of a 360-day year for the actual number of days elapsed.

(c)     **Application of Proceeds.**  The proceeds of the Trustee Loan Obligations shall be used, in each case, in a manner consistent with the terms and conditions of this Final Order and the Notes solely for (i) payment of costs of administration of these chapter 7 cases and (ii) payment of interest under this Final Order and the Notes.

(d)     **Enforceable Obligations.**  This Final Order and the Notes shall constitute and evidence the valid and binding obligations of each Borrower, which obligations shall be enforceable against such Borrower's respective bankruptcy estate in accordance with their terms.

(e)      **Superpriority Administrative Claim Status**.  Subject to the Carve-Out

(defined below), all Trustee Loan Obligations shall be an allowed superpriority administrative

expense claim (the "Trustee Superpriority Claim") with priority under sections 364(c)(1), 503(b)

and 507(b) of the Bankruptcy Code and otherwise over all administrative expense claims and

unsecured claims against the Debtors and their estates, now existing or hereafter arising, of any

kind or nature whatsoever including, without limitation, administrative expenses of the kinds

specified in, arising, or ordered pursuant to sections 105, 326, 328, 330, 331, 503(a), 503(b),

507(a), 507(b), 546(c), 546(d) and 726(b) of the Bankruptcy Code.  Payments made by a

Borrower in accordance with this Final Order shall not be subject to disgorgement in the event of

an insufficiency of assets to repay the Trustee Loan Obligations.

3.      **Authorization to Use Proceeds of Trustee Loan Obligations**.  Pursuant to the

terms and conditions of this Final Order and the Notes, each Borrower is authorized to use the

advances under this Final Order and the Notes commencing immediately after the entry of this

Final Order.

4.      **Commitment Termination Date**.  The Trustee Loan Obligations will be payable

on demand or, if demand is not made, on the 5th anniversary of the entry of this Final Order.

5.      **Payment of Compensation**.  Nothing herein shall be construed as consent to the

allowance of any professional fees or expenses of a Borrower or of any other person or affect the

right of the Lenders to object to the allowance and payment of such fees and expenses.

6.      **Collateral Rights**.  Except for third-party financing approved by the Trustee and

the Court, no order shall be entered in these proceedings, or in any successor case, that permits

any lien or security interest or any costs or expenses of administration with priority senior to, or

11-14829:240.2:Notice:Proposed Order Exhibit B Entered: 2/14/2012 9:42:02 AM by:Jason Torf Page 12 of 19

*pari passu* with, the Trustee Superpriority Claim of the Trustee Loan Obligations of such Borrower estate.

7.    **Carve-Out.** Notwithstanding anything to the contrary contained in the Notes or this Final Order: (a) any amount that becomes due pursuant to 28 U.S.C. § 1930(a)(6), (b) the amount of any claim for amounts payable pursuant to 28 U.S.C. § 1930(a)(6), (c) allowed fees and expenses for counsel to the Trustee (not to exceed $1 million for any individual Borrower estate and $2 million in the aggregate by all Borrower estates), (d) allowed compensation of the Trustee (not to exceed the limits set forth in section 326 of the Bankruptcy Code), and (e) allowed fees for professionals retained by the Trustee other than counsel (collectively, the "Carve-Out") shall not be subject to the Trustee Superpriority Claim granted to the Lender estates under sections 364(c)(1), 503(b) and 507(b) as and for a carve-out for the professional fees and expenses of counsel for the Trustee. The Carve-Out under clauses (c), (d) and (e) shall be reduced dollar-for-dollar by the cumulative amount of compensation and expense reimbursement that is paid to the professionals referred to in such clause by advances made under this Final Order.

8.    **Events of Default**.

(a)    The occurrence of any of the following events shall constitute an "Event of Default" under this Final Order:

1)    the failure to repay the Trustee Loan Obligations when due;

2)    the entry by this Court or another court of competent jurisdiction of an order disallowing any of the Trustee Loan Obligations or determining that any provision of this Final Order or the Notes is not enforceable according to its terms;

11

11-14829:240.2:Notice:Proposed Order Exhibit B Entered: 2/14/2012 9:42:02 AM by:Jason Torf Page 13 of 19

3)    the entry by this Court of an order determining that the Trustee Superpriority Claim is invalid or does not have the priority and extent provided in this Final Order;

4)    the filing of any application for financing that violates the terms of this Final Order;

5)    the failure of any Borrower to comply in all material respects with each and all of the terms and conditions of this Final Order; or

6)    the occurrence of a breach, Default or Event of Default under the Notes (and the expiration of any period of cure, grace or notice, if any, set forth therein relating to such default).

9.    **Rights and Remedies Upon Event of Default**.  If an Event of Default shall occur and not be cured by the Borrower after the Lender gives five (5) business days' notice thereof to the Borrower, the United States Trustee and each party who has requested notice of all proceedings in these cases, subject to the Carve-Out, the Lender may seek an order from this Court to enforce the Note in question.

10.    **Other Rights and Obligations.**

(a)    **Good Faith Under Section 364(e) of the Bankruptcy Code; No Modification or Stay of this Interim Order**.  Each Lender has acted in good faith in connection with this Final Order and its reliance on this Final Order is in good faith.  Based on the findings set forth in this Final Order and in accordance with section 364(e) of the Bankruptcy Code, which is applicable to the Trustee Loan Obligations and the Trustee Superpriority Claim contemplated by this Final Order, in the event any or all of the provisions of this Final Order are hereafter modified, amended or vacated by a subsequent order of this or any other Court, each

Lender is entitled to the protections provided in section 364(e) of the Bankruptcy Code and no such modification, amendment or vacation shall affect the validity and enforceability of any advances made hereunder or the priority authorized or created hereby (including the Trustee Superpriority Claim).   Notwithstanding any such modification, amendment or vacation, any claim granted to each Lender hereunder arising prior to the effective date of such modification, amendment or vacation of the Trustee Superpriority Claim granted to each Lender shall be governed in all respects by the original provisions of this Final Order, and such Lender shall be entitled to all of the rights, remedies, privileges and benefits, including the Trustee Superpriority Claim granted herein, with respect to any such claim.   Since the loans made pursuant to this Final Order and the Notes, and the consents and accommodations granted by each Lender, are made in reliance on this Final Order, the obligations owed to such Lender (including the Trustee Superpriority Claim) prior to the effective date of any stay, modification or vacation of this Final Order cannot, as a result of the dismissal of these chapter 7 cases, be subordinated, lose its superpriority administrative expense claim status, or be deprived of the benefit of the status of the claims granted to such Lender under this Final Order and/or the Notes.

(b)    **Proofs of Claim**.  Each Lender may, but is not required to file proofs of claim in these cases.

(c)    **Binding Effect**.  The provisions of this Final Order shall be binding upon and inure to the benefit of each Lender, and its respective successors and assigns (including any trustee or other fiduciary hereinafter appointed as a legal representative with respect to the property of the estates thereof).

(d)    **No Waiver**.  The failure of a Lender to seek relief or otherwise exercise its rights and remedies under the Notes, this Final Order or otherwise, as applicable, shall not

constitute a waiver of any of such Lender's rights hereunder, thereunder, or otherwise. Notwithstanding anything herein, the entry of this Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair the rights of the Trustee under the Bankruptcy Code or under non-bankruptcy law, including without limitation (i) the rights of such Lender to request dismissal of these cases or (ii) any of the rights, claims or privileges (whether legal, equitable or otherwise) of such Lender.

(e)     **No Third-Party Rights**.  Except as explicitly provided for herein, this Final Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

(f)     **Amendment**.  The Trustee on behalf of a Borrower and Lender may amend or waive any provision of the Trustee Loan Obligations, provided that such amendment or waiver, in the judgment of the Trustee, is either non-prejudicial to the rights of third parties or is not material; provided, however, that any amendment or waiver that impacts the rights of a Lender must in fact be non-prejudicial or not material, and the Trustee shall be promptly notified of any and all amendments and waivers.  Except as otherwise provided herein, no waiver, modification, or amendment of any of the provisions hereof shall be effective unless set forth in writing, signed on behalf of the Lender (after having obtained the approval of the Lender as provided in this Final Order and the Notes) and approved by the Court.

(g)     **Survival of Final Order**.  The provisions of this Final Order and any actions taken pursuant hereto shall be effective on the entry hereof ("Effective Date") and shall survive entry of any order which may be entered (i) dismissing these cases, (ii) withdrawing the reference of these cases from this Court, or (iii) providing for abstention from handling or retaining of jurisdiction of these cases in this Court.  The terms and provisions of this Final

14

11-14829:240.2:Notice:Proposed Order Exhibit B Entered: 2/14/2012 9:42:02 AM by:Jason Torf Page 16 of 19

Order, including the Trustee Superpriority Claim granted pursuant to this Final Order, and the Notes, shall continue in full force and effect notwithstanding the entry of such order, and the Trustee Superpriority Claim shall maintain its priority as provided by this Final Order until all the Trustee Loan Obligations have been indefeasibly paid in full and discharged (such payment being without prejudice to any terms or provisions contained in the Trustee Loan Obligations or this Final Order which survive such discharge by their terms).

(h)     **Effect of Interim Order; Borrowings Thereunder.**  This Final Order shall supersede the Interim Order, nunc pro tunc, February 9, 2012 and all borrowings under such Interim Order are hereby ratified and confirmed.  Promptly after the entry of this Final Order the Borrower estates under the Interim Order are authorized and directed to execute replacement notes in conformity with this Final Order to evidence such interim borrowings and any future borrowings hereunder.

(i)     **Inconsistency.**  In the event of any inconsistency between the terms and conditions of the Notes and of this Final Order, the provisions of this Final Order shall govern and control.

(j)     **Enforceability.**  This Final Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be fully enforceable immediately upon execution hereof.

(k)     **Objections Overruled.**  All objections to the Motion to the extent not withdrawn or resolved, are hereby overruled.

(l)     **Waiver of the Ten (10) Day Stay Under Bankruptcy Rule 6004(h).** The ten (10) day stay provisions of Bankruptcy Rule 6004(h) are waived and shall not apply to this Final Order.

11.     **Retention of Jurisdiction**.  This Court has and will retain jurisdiction to enforce

this Final Order according to its terms.

Enter:

_____
Honorable Jacqueline P. Cox
United States Bankruptcy Judge

2/23/12

CH2\10980390.3

# Exhibit
# 1

## Future Pasquinelli Administrative Costs
10-Feb-12

| | | 2011 | 2012 | | | | 2013 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Schiff Hardin LLP** | Cost (5)* | 4Q** | 1Q | 2Q | 3Q | 4Q | 1Q | 2Q | 3Q | 4Q | Total |
| Review Transcript & Complete 341 | 9,000 | 1,000 | 8,000 | | | | | | | | 9,000 |
| Schedules | 15,000 | | 7,500 | 7,500 | | | | | | | 15,000 |
| Dismissals of No Asset Cases | 2,000 | | | 2,000 | | | | | | | 2,000 |
| Insurance Re-registration of lien; Settlement of loan | 28,000 | 18,000 | 10,000 | | | | | | | | 28,000 |
| Disqualification of Sperling & Slater, Clausen Miller | 31,500 | 4,000 | 20,000 | 7,500 | | | | | | | 31,500 |
| Production of documents by prior counsel | 21,000 | 15,000 | 4,000 | 2,000 | | | | | | | 21,000 |
| Financing (Banks & Other Entities) | 30,000 | 15,000 | 15,000 | | | | | | | | 30,000 |
| Retention of Special Counsel and Experts | 13,000 | 5,000 | 4,000 | 2,000 | 2,000 | | | | | | 13,000 |
| Fee applications | 56,500 | 15,000 | 10,000 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 56,500 |
| D&O Lift Stay | 24,000 | 20,000 | 4,000 | | | | | | | | 24,000 |
| Misc., Transition to & Local Counsel for Diamond McCarthy | 69,000 | 14,000 | 20,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 69,000 |
| Review of Tax documents | 32,000 | 8,500 | 8,500 | 5,000 | 5,000 | 5,000 | | | | | 32,000 |
| **Subtotal** | 331,000 | 115,500 | 111,000 | 35,500 | 16,500 | 14,500 | 9,500 | 9,500 | 9,500 | 9,500 | 331,000 |
| **Moglia Advisors** | | | | | | | | | | | |
| Bank statement review | 30,000 | | 7,500 | 7,500 | 7,500 | 7,500 | | | | | 30,000 |
| Prepare additional information requests | 3,750 | | 3,750 | | | | | | | | 3,750 |
| Review additional information | 31,750 | | 11,750 | 10,000 | 10,000 | | | | | | 31,750 |
| Cross-reference data between banks | 1,875 | | 1,875 | | | | | | | | 1,875 |
| Worksheet / report preparation | 5,625 | | 2,813 | 2,813 | | | | | | | 5,625 |
| Review Paradigm Management / Pasquinelli Management data | 15,000 | | 5,000 | 5,000 | 5,000 | | | | | | 15,000 |
| Review payroll transactions and tax documents | 3,750 | | | 3,750 | | | | | | | 3,750 |
| Analyze ALCA financial data | 30,000 | | | 10,000 | 10,000 | 10,000 | | | | | 30,000 |
| Present results to Diamond McCarthy / follow up on same | 15,000 | | | | 7,500 | 7,500 | | | | | 15,000 |
| Misc. | 6,644 | 24,644 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 34,644 |
| **Subtotal** | 143,394 | 24,644 | 33,938 | 40,313 | 41,250 | 26,250 | 1,250 | 1,250 | 1,250 | 1,250 | 171,394 |
| **Ralph, Schwab & Schiever, Chartered** | | | | | | | | | | | |
| Escrow Recovery | 117,500 | 10,000 | 17,917 | 17,917 | 17,917 | 17,917 | 17,917 | 17,917 | | | 117,500 |
| Offset recovery | 40,000 | 5,000 | 17,500 | 17,500 | | | | | | | 40,000 |
| **Subtotal** | 157,500 | 15,000 | 35,417 | 35,417 | 17,917 | 17,917 | 17,917 | 17,917 | 0 | 0 | 157,500 |
| Litigation Expert (Range $500,000-$1.0 million) | 1,000,000 | | | 125,000 | 250,000 | 250,000 | | | 125,000 | 250,000 | 1,000,000 |
| **Total Fees** | 1,631,894 | 155,144 | 180,354 | 236,229 | 325,667 | 308,667 | 28,667 | 28,667 | 135,750 | 260,750 | 1,659,894 |
| **Costs** | | | | | | | | | | | |
| Diamond McCarthy - monthly expenses - max. of $7,500 / month for 24 months | 180,000 | 7,500 | 22,500 | 22,500 | 22,500 | 22,500 | 22,500 | 22,500 | 22,500 | 75,000 | 232,500 |
| Schiff Hardin | | 3,000 | 2,000 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 5,500 |
| Moglia Advisors | | | | | | | | | | | |
| Ralph, Schwab & Schiever | | | | | | | | | | | |
| **Total Costs** | 180,000 | 10,500 | 24,500 | 23,000 | 23,000 | 23,000 | 23,000 | 23,000 | 23,000 | 75,500 | 238,000 |
| **Total Ongoing Fees and Expenses** | 1,811,894 | 165,644 | 204,854 | 259,229 | 348,667 | 331,667 | 51,667 | 51,667 | 158,750 | 336,250 | 1,897,894 |

*Tentative estimate only; subject to change.

**Except for time covered by fee applications previously filed

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: )<br><br>PASQUINELLI HOMEBUILDING, LLC, )<br>)<br>) | Case No. 11 B 14829<br>Honorable Jacqueline P. Cox<br>Chapter 7<br>(Jointly Administered) |
| In re: )<br><br>PASQUINELLI FINANCIAL, LLC, )<br>) | Case No. 11 B 25203 |
| In re: )<br><br>PASQUINELLI MANAGEMENT, LLC, )<br>) | Case No. 11 B 25205 |
| In re: )<br><br>PASQUINELLI HOMES, LLC, )<br>) | Case No. 11 B 25207 |
| In re: )<br><br>PORTRAIT HOMES INDIANA, LLC, )<br>) | Case No. 11 B 25210 |
| In re: )<br><br>PORTRAIT HOMES NORTH CAROLINA, LLC, )<br>) | Case No. 11 B 25211 |
| In re: )<br><br>PORTRAIT HOMES TEXAS, LLC, )<br>)<br>Debtors. )<br>) | Case No. 11 B 25213 |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that the **Notice of (I) Entry of Interim**

**Borrowing Order, (II) Final Hearing on Borrowing Motion and (III) Proposed Final Borrowing Order** [Dkt. No. 240], together with the *Interim Order Authorizing Intercompany Borrowing Among Certain Debtors' Estates, Scheduling a Final Hearing and Granting Related Relief* [Dkt. No. 239] and proposed *Final Order Authorizing Intercompany Borrowing and Granting Related Relief* with a corresponding budget, were served electronically via the CM/ECF system on February 14, 2012 upon those people listed on the attached e-filing confirmation. The Office of the U.S. Trustee is among the parties that were served electronically via the CM/ECF system.

/s/ Jason M. Torf
Jason M. Torf

CH2\10986598.1

2

Torf, Jason

From:      USBC_ILNB@ilnb.uscourts.gov
Sent:      Tuesday, February 14, 2012 9:42 AM
To:        CourtMail@ilnb.uscourts.gov
Subject:   Ch-7 JPC 11-14829 Pasquinelli Homebuilding, LLC Notice

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

## U.S. Bankruptcy Court

### Northern District of Illinois

Notice of Electronic Filing

The following transaction was received from Jason M Torf entered on 2/14/2012 at 9:42 AM CST and filed on 2/14/2012
Case Name:       Pasquinelli Homebuilding, LLC
Case Number:     11-14829
Document Number: 240

Docket Text:
Notice of (I) Entry of Interim Borrowing Order, (II) Final Hearing on Borrowing Motion and (III) Proposed Final Borrowing Order Filed by Jason M Torf on behalf of Alex D Moglia ESQ (RE: [218] Motion to Borrow, [239] Order Scheduling). (Attachments: # (1) Exhibit A# (2) Proposed Order Exhibit B) (Torf, Jason)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:Notice of Entry of Interim Borrowing Order and Proposed Final Borrowing Order.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=1017686655 [Date=2/14/2012] [FileNumber=37207048-0] [0251b3fbd0f11ed102f337e04a72ce4c175175ae72f46ac768fd3a0e130942ccde 80f8262b4d141664cb49f4f64ea4fd1ec8b87bc30b5287015c599848a71697]]
Document description: Exhibit A
Original filename:Exhibit A.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=1017686655 [Date=2/14/2012] [FileNumber=37207048-1] [12daa2cfca303ed5f4468a8e90c2d7b871752c3ed30b96fe6c08607a8baa7fd3b3 03595e007f32119297f708254ec29c1f43f733392bcab35f52c97ec1fe06fd]]
Document description:Proposed Order Exhibit B
Original filename:Proposed Final Borrowing Order.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=1017686655 [Date=2/14/2012] [FileNumber=37207048-2] [004611d527bac82a01136ff2c3bdb342a0625747ff1b859f24a459a2ed03735521 e8e895c8ec3f10559d091d911b44367e6b116ac8baf862ee5cdf4b4021bf02]]

**11-14829 Notice will be electronically mailed to:**

David Audley on behalf of Creditor Harris N.A.

2/14/2012

audley@chapman.com, benz@chapman.com

Richard M Bendix on behalf of Creditor US Bank NA
rbendix@dykema.com, nrakunas@dykema.com

Jonathan T Brand on behalf of Interested Party Admiral Insurance Company
jbrand@lakelaw.com

Tejal S. Desai on behalf of Creditor Integra Bank National Association
tdesai@llflegal.com, blanglois@llflegal.com

Maria A Diakoumakis on behalf of Creditor US Bank NA
mdiakoumakis@dykema.com, DocketCH@dykema.com

Jeffrey D Eaton on behalf of Attorney Schiff Hardin LLP
jeaton@schiffhardin.com

Zachary J Garrett on behalf of Creditor Cole Taylor Bank
zachary.garrett@goldbergkohn.com

Joshua M Grenard on behalf of Creditor BANK OF AMERICA, N.A.
jgrenard@mayerbrown.com, courtnotification@mayerbrown.com

John W Guzzardo on behalf of Debtor Pasquinelli Homebuilding, LLC
jguzzardo@shawgussis.com

Gregg R Hague on behalf of Interested Party Anthony R. Pasquinelli
grh@sperling-law.com

Thomas S Kiriakos on behalf of Creditor BANK OF AMERICA, N.A.
tkiriakos@mayerbrown.com, Courtnotification@mayerbrown.com

Randall Klein on behalf of Creditor Cole Taylor Bank
randall.klein@goldbergkohn.com, amy.halpin@goldbergkohn.com;logan.stortz@goldbergkohn.com

Jade R Lambert on behalf of Interested Party Pasquinelli Homebuilding LP
jlambert@perkinscoie.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Steven A Levy on behalf of Creditor Cole Taylor Bank
steven.levy@goldbergkohn.com, bonnie.maciejewski@goldbergkohn.com

Joseph P Lombardo on behalf of Creditor Harris N.A.
lombardo@chapman.com, lombardo@chapman.com

Sara E Lorber on behalf of Creditor Securlock at Bedford, Ltd.
slorber@wfactorlaw.com, nb@wfactorlaw.com

Mitchell H Macknin on behalf of Interested Party Anthony R. Pasquinelli
mhmacknin@sperling-law.com, jg@sperling-law.com

Elizabeth Z Mathieson on behalf of Creditor Bond Safeguard Insurance Company and Lexon Insurance Company
emathieson@tresslerllp.com, chicagodocket@tresslerllp.com;rkooy@tresslerllp.com;hrose@tresslerllp.com

William J McKenna on behalf of Creditor First Midwest Bank
wmckenna@foley.com, thardy@foley.com;khall@foley.com

2/14/2012

Alex D Moglia
amoglia@mogliaadvisors.com, IL251@ecfcbis.com

Eric J. Munoz on behalf of Interested Party Brockette/Davis/Drake, Inc.
emunoz@scandagliaryan.com, dwaters@scandagliaryan.com;amichalec@scandagliaryan.com;hpetersen@scandagliaryan.com

Karen Newbury on behalf of Debtor Pasquinelli Financial, LLC
knewbury@schiffhardin.com, edocket@schiffhardin.com;rkaferly@schiffhardin.com

Monica C. O'Brien on behalf of Creditor Village of Romeoville
gstern3@flash.net

Kathleen R Pasulka-Brown on behalf of Creditor AmT CADC Venture, LLC
kpasulka-brown@pjjq.com, lnorwood@pjjq.com;rfuentes@pjjq.com

Ann E Pille on behalf of Creditor Wells Fargo Bank, N.A.
ann.pille@dlapiper.com, apille@reedsmith.com

Michael L Ralph on behalf of Trustee Alex Moglia
mralph@rss-chtd.com, vkingsley@rrs-chtd.com;dcasey@rss-chtd.com;jtolemy@rss-chtd.com;jobereiner@rss-chtd.com

P. Scott Ritchie on behalf of Interested Party Ann Marie Pasquinelli
pritchie@clausen.com

Rebecca D. Rosenthal on behalf of Creditor AMBER KING
rdr@ag-ltd.com

David J Schwab on behalf of Trustee Alex Moglia
djschwab@rss-chtd.com, vkingsley@rrs-chtd.com;dcasey@rss-chtd.com;jtolemy@rss-chtd.com;jobereiner@rss-chtd.com

Brian L Shaw on behalf of Debtor Pasquinelli Homebuilding, LLC
bshaw100@shawgussis.com, bharrington@shawgussis.com

Gregory K Stern on behalf of Creditor Village of Romeoville
gstern1@flash.net, steve_horvath@ilnb.uscourts.gov

William R Stone on behalf of Creditor BANK OF AMERICA, N.A.
wstone@mayerbrown.com

Jason M Torf on behalf of Trustee Alex Moglia
jtorf@schiffhardin.com, edocket@schiffhardin.com

John R Weiss on behalf of Creditor The Commons of Grand Oaks Homeowners Association, Inc.
jrweiss@duanemorris.com

Richard Wohlleber on behalf of Creditor Harris N.A.
wohlleber@chapman.com, benz@chapman.com;lombardo@chapman.com

Si Yong Yi on behalf of Creditor Bond Safeguard Insurance Company and Lexon Insurance Company
syi@tresslerllp.com, tresslerdocket@tresslerllp.com

Daniel A Zazove on behalf of Interested Party Pasquinelli Homebuilding LP
docketchi@perkinscoie.com

**11-14829 Notice will not be electronically mailed to:**

2/14/2012

David H Ammons on behalf of Trustee Alex Moglia
Diamond McCarthy LLP
1201 Elm Street
34th Floor
Dallas, TX 75270

Arnstein & Lehr LLP

,

Chicago Title Insurance Company

,

City of Fort Worth
City Attorney's Office
Attn: Christopher B. Mosley
1000 Throckmorton Street
Fort Worth, TX 76102

Commissioners of Public Works of the City of Charleston

,

Cypress Fairbanks ISD
c/o John P. Dillman
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, TX 77253-3064

Diamond McCarthy LLP

,

Arley D Finley

,

Arley D. Finley on behalf of Trustee Alex Moglia
Diamond McCarthy LLP
PO Box 500149
Austin, TX 78750

Michael R Grimm on behalf of Interested Party Ann Marie Pasquinelli
Clausen Miller PC
10 South LaSalle Street
Chicago, IL 60603

Harris County Municipal Utility District #130

,

Harris County, et al
Linebarger Goggan Blair & Sampson LLP
c/o John P. Dillman
P.O. Box 3064
Houston, Tx 77253-3064

Harvey R Herman on behalf of Interested Party Ann Marie Pasquinelli
Clausen Miller PC
10 South LaSalle St
Chicago, IL 60603

Hermes Sargent Bates LLP
2/14/2012

Intech Consultants Inc

,

Jenner & Block LLP

,

MaryAnn Joerres on behalf of Trustee Alex Moglia
Diamond McCarthy LLP
1201 Elm Street
34th Floor
Dallas, TX 75270

Eamon Kelly on behalf of Interested Party Anthony R. Pasquinelli
Sperling & Slater PC
55 West Monroe Street
Chicago, IL 60603

Brandon V Lewis on behalf of Trustee Alex Moglia
Diamond McCarthy LLP
1201 Elm Street
34th Floor
Dallas, TX 75270

David McCall on behalf of Creditor Collin County Tax Assessor/Collector
Gay, McCall, Isaacks, Gordon & Roberts
777 East 15th Street
Plano, TX 75074

James D McCarthy

,

James D McCarthy on behalf of Trustee Alex Moglia
Diamond McCarthy LLP
1201 Elm Street
34th Floor
Dallas, TX 75270

Mid Ohio Hearth Products

,

Shayne D Moses on behalf of Creditor Securlock at Bedford, Ltd.
Moses Palmer & Howell LLP
309 W. 7th Street
Suite 815
Fort Worth, TX 76102

David A Palmer on behalf of Creditor Securlock at Bedford, Ltd.
Moses Palmer & Howell LLP
309 W. 7th Street
Suite 815
Fort Worth, TX 76102

RSM McGladrey Inc

,

Michael L Ralph
2/14/2012

Richards Ralph & Schwab Chtd
175 East Hawthorn Parkway Ste 345
Vernon Hills, IL 60061

Ralph Schwab & Schiever, Chartered
,

Thaddeus T Rieger on behalf of Creditor Venezia Partners LLC (successor in interest to Wachovia Bank, National Association)
Zaino & Humphrey, LPA
5775 Perimeter Drive, Suite 180
Dublin, OH 43017

Schiff Hardin LLP on behalf of Trustee Alex Moglia
233 South Wacker Drive
Suite 6600
Chicago, IL 60606

Bruce S Sperling on behalf of Interested Party Anthony R. Pasquinelli
Sperling & Slater
55 W Monroe Street
Chicago, IL 60603

Elizabeth Weller
,

Karon Y Wright on behalf of Creditor Nelda Wells Spears, Travis County Tax Assessor Collector
PO Box 1748
Austin, TX 78767

2/14/2012