UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Pasquinelli Homebuilding, LLC. et al., | ) | Case No. 11 B 14829 |
| | ) | Jointly Administered |
| Debtor. | ) | Judge Jacqueline P. Cox |

**Memorandum Opinion on Motion for Entry of Order Authorizing the
Trustee to File Application to Retain an Additional Professional and to
File the Additional Professional's Subsequent Fee Applications Under Seal and
For In Camera Review (Dkt. No. 466)**

I.    **Facts and Background**

Trustee Alex D. Moglia asks that the court allow him to file under seal an application to retain a litigation consultant and that consultant's fee applications. This request is made to protect the Trustee's litigation strategy involving his investigation of claims against the Debtor's former principals and third parties. He asserts that disclosure of the consultant's name, the terms of the engagement in connection with possible litigation and the details of the consultant's work could reveal confidential and sensitive information regarding the litigation strategy that the Trustee and his counsel will employ in the litigation.  For the reasons noted herein, the Motion is Granted.

II.   **Discussion**

Normally communications between a party, the party's counsel and consulting experts are privileged and protected from disclosure. Federal Rule of Bankruptcy Procedure 7026(b)(4)(D) states that:

> Ordinarily, a party may not . . . discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.

Federal Rule of Bankruptcy Procedure 7026(b)(4)(D).

That Rule provides for exceptions to nondisclosure that are not relevant herein at this time.

Bankruptcy Code ("Code") section 107(a) states that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." Code section 107(b) provides that "on request of a party in interest the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."

Code section 107(c)(3) allows the United States trustee, a bankruptcy administrator, the trustee and any auditor serving under section 586(f) of title 28 full access to all information contained in any paper filed or submitted in a case under title 11.

11 U.S.C. §§ 107(a), (b) and (c).

Federal Rule of Bankruptcy Procedure 9018 allows bankruptcy courts to "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."

Both the Code and the Rules allow the court to protect from disclosure information where confidentiality is necessary.

Trustee Moglia asks that the United States trustee be provided full access to the items for which sealing is sought. He proposes that when he files a Professional Filing the following will be served on appropriate parties: a notice that he has filed an application to retain the Additional Professional, containing a generalized statement of the services to be performed or a notice that the Trustee or the Additional Professional has filed an application for compensation and expense reimbursement, containing a generalized statement of the services actually performed. The Professional Filings will be filed under seal for in camera review by the court with a cover sheet reciting the following:

MATERIALS HEREIN ARE FILED UNDER SEAL PURSUANT TO THE ORDER OF THE BANKRUPTCY COURT DATED FEBRUARY 14, 2013, PERMITTING AND DIRECTING THE TRUSTEE TO SUBMIT UNDER SEAL AND FOR IN CAMERA REVIEW BY THE COURT AN APPLICATION TO RETAIN AN ADDITIONAL PROFESSIONAL, AND THE ADDITIONAL PROFESSIONALS' SUBSEQUENT FEE APPLICATION.  PURSUANT TO SAID ORDER, THE MATERIALS HEREIN ARE CONFIDENTIAL AND MAY BE VIEWED ONLY BY THE COURT, EXCEPT AS OTHERWISE ORDERED BY THE COURT

Unredacted copies of the Professional Filings will be served upon the Untied States trustee and any other parties who execute a confidentiality agreement that is both acceptable to the Trustee and approved by the court, provided however, that any person receiving unredacted copies be required to maintain the strict confidentiality of the Professional Filings.

Trustee Moglia correctly cites the following case in support of his effort herein: *In re 50-Off Stores, Inc.*, 213 B.R. 646 (Bankr. W.D.Tex. 1997) where a bankruptcy court held that, in order to protect confidential research and confidential commercial information, it could place under seal a hearing to determine whether a law firm should be retained as special counsel to a chapter 11 debtor.

The court will grant the Motion for two reasons: to protect the Trustee's litigation efforts and to level the playing field as the prospective defendants can protect from nondisclosure similar efforts to consult with experts who may be employed only for trial preparation.

The Motion will be granted in a separate order.

Dated: February 14, 2013                    ENTERED:

                                            *Jacqueline P. Cox*
                                            _____
                                            **Jacqueline P. Cox**
                                            **United States Bankruptcy Judge**