# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PASQUINELLI HOMEBUILDING, LLC, | ) | Case No. 11-14829 |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable Jacqueline P. Cox |
| | ) | |
| In re: | ) | Case No. 11-25203 |
| PASQUINELLI FINANCIAL, LLC, | ) | |
| | ) | |
| In re: | ) | Case No. 11-25205 |
| PASQUINELLI MANAGEMENT, LLC, | ) | |
| | ) | |
| In re: | ) | Case No. 11-25207 |
| PASQUINELLI HOMES, LLC, | ) | |
| | ) | |
| In re: | ) | Case No. 11-25210 |
| PORTRAIT HOMES INDIANA, LLC, | ) | |
| | ) | |
| In re: | ) | Case No. 11-25211 |
| PORTRAIT HOMES NORTH CAROLINA, LLC, | ) | |
| | ) | |
| In re: | ) | Case No. 11-25213 |
| PORTRAIT HOMES TEXAS, LLC, | ) | |
| | ) | Hearing Date: May 2, 2019 |
| | ) | |
| Debtors. | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

To:    Those Registered to Receive Notices

**PLEASE TAKE NOTICE** that on Thursday May 2, 2019 at 9:30 a.m., Schiff Hardin LLP, counsel to Alex D. Moglia, the chapter 7 trustee for the bankruptcy estates of each of the debtors in the above-captioned, jointly administered cases, shall present to Judge Jacqueline P. Cox or any Judge sitting in her place, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division at 219 South Dearborn Street, Courtroom 680, Chicago, Illinois, the **TRUSTEE'S THIRD MOTION TO AMEND FINAL ORDER AUTHORIZING INTERCOMPANY BORROWING AMONG CERTAIN DEBTORS' ESTATES AND TO AUTHORIZE NOTE EXTENSIONS AND DEFAULT WAIVERS**, and the **[PROPOSED] THIRD AMENDMENT TO FINAL ORDER AUTHORIZING**

**INTERCOMPANY BORROWING AMONG CERTAIN DEBTORS' ESTATES** which are attached hereto and hereby served upon you.

Dated: April 29, 2019                          Respectfully submitted,

                                               By: /s/ J. Mark Fisher
                                                   J. Mark Fisher
                                                   Jin Yan
                                                   Schiff Hardin LLP
                                                   233 S. Wacker Dr., Suite 7100
                                                   Chicago, IL  60606
                                                   (312) 258-5500 (phone)
                                                   (312) 258-5700 (fax)
                                                   mfisher@schiffhardin.com
                                                   jyan@schiffhardin.com

                                               *Counsel for the Chapter 7 Trustee*

CH2\22002217.1

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PASQUINELLI HOMEBUILDING, LLC, | ) | Case No. 11-14829 |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable Jacqueline P. Cox |
| | ) | |
| In re: | ) | Case No. 11-25203 |
| PASQUINELLI FINANCIAL, LLC, | ) | |
| | ) | |
| In re: | ) | Case No. 11-25205 |
| PASQUINELLI MANAGEMENT, LLC, | ) | |
| | ) | |
| In re: | ) | Case No. 11-25207 |
| PASQUINELLI HOMES, LLC, | ) | |
| | ) | |
| In re: | ) | Case No. 11-25210 |
| PORTRAIT HOMES INDIANA, LLC, | ) | |
| | ) | |
| In re: | ) | Case No. 11-25211 |
| PORTRAIT HOMES NORTH CAROLINA, LLC, | ) | |
| | ) | |
| In re: | ) | Case No. 11-25213 |
| PORTRAIT HOMES TEXAS, LLC, | ) | |
| | ) | Hearing Date: May 2, 2019 |
| | ) | |
| Debtors. | ) | Hearing Time: 9:30 a.m. |

**TRUSTEE'S THIRD MOTION TO AMEND FINAL ORDER AUTHORIZING
INTERCOMPANY BORROWING AMONG CERTAIN DEBTORS' ESTATES
AND AUTHORIZE NOTE EXTENSIONS AND DEFAULT WAIVERS**

Alex D. Moglia, not individually, but solely in his capacity as Chapter 7 trustee (the "Trustee") of the bankruptcy estates of the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105, 361, 362, 363 and 364(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rules 2002, 4001(c) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves this Court for entry of an order (1) further amending the Final

Order Authorizing Intercompany Borrowing Among Certain Debtors' Estates And Granting Related Relief entered on February 24, 2012 (the "Final Order")[1] [D.I. 242] to extend the maturity date of the Trustee Loan Obligations to the 12th anniversary of the entry of the Final Order, (2) authorizing extensions of the maturity dates of the Notes evidencing the Trustee Loan Obligations, and (3) authorizing waivers of defaults arising from non-payment of the Trustee Loan Obligations by the original maturity date.

## I.
## INTRODUCTION

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 361, 362, 363 and 364 of the Bankruptcy Code, and Bankruptcy Rules 2002, 4001(b), 6004(h) and 9014.

### Background

3. Pasquinelli Homebuilding, LLC ("Homebuilding") was a homebuilder and real estate developer headquartered in the Chicago area, with operations in Illinois, Indiana, North Carolina, South Carolina, Texas and other states. Homebuilding is the parent company (a "Tier 1 Company") to twelve related or subsidiary entities (the "Tier 2 Companies"). The Tier 2 companies are parent companies to approximately 200 related entities located in approximately seven states (the "Tier 3 Companies").

---

[1] Unless otherwise defined herein, all capitalized terms used in this order shall have the meanings ascribed to them in the Final Order, to the extent defined therein.

4. Pasquinelli Financial, LLC ("<u>Financial</u>"), Pasquinelli Management, LLC ("<u>Management</u>"), Pasquinelli Homes, LLC ("<u>Homes</u>"), Portrait Homes Indiana, LLC ("<u>Portrait Indiana</u>"), Portrait Homes North Carolina, LLC ("<u>Portrait North Carolina</u>") and Portrait Homes Texas, LLC ("<u>Portrait Texas</u>," and collectively with Financial, Management, Homes, Portrait Indiana and Portrait North Carolina, the "<u>2nd Tier Debtors</u>") are all Tier 2 companies. Except for Financial and Management, the Tier 2 companies acted as holding companies for the regional homebuilding operations conducted by the Tier 3 companies. The Tier 3 companies were formed to undertake the construction of each individual construction project. The Debtors have not had any significant operations since approximately 2008 and ultimately ceased all operations.

5. On May 26, 2011, Alex Moglia was elected to serve as the permanent chapter 7 trustee of Homebuilding. Subsequently, on June 15, 2011, the 2nd Tier Debtors each filed voluntary petitions for relief under chapter 7 of Bankruptcy Code. On June 17, 2011, the United States Trustee for the Northern District of Illinois appointed Alex Moglia as interim trustee for the 2nd Tier Debtors. The Court entered an order directing the joint administration of the Debtors' bankruptcy cases on July 12, 2011 (D.I. 119).

6. Since that date, the Trustee and his advisors have been administering the estates of Homebuilding and the 2nd Tier Debtors. He has investigated the assets and liabilities of Homebuilding and the 2nd Tier Debtors in informal discovery, meetings of creditors under Section 341 of the Bankruptcy Code and by taking examinations under Rule 2004 of the Bankruptcy Code. He has filed Schedules of Assets and Liabilities and Statements of Financial Affairs for the Tier 2 companies. The Trustee has recovered over $2.4 million from the settlement of loan obligations due to Financial. Other recoveries

3

of escrow accounts are expected. The estates of Homebuilding, Financial and Management have filed claims to recover accounts receivable and other claims against insiders and third parties. These claims are pending as <u>Moglia v. Bruno Pasquinelli, et al.</u>, No. 13-05024 in the United States District Court for the Northern District of Illinois (the "<u>Action</u>").[2] However, the Trustee has incurred and expects to incur additional administrative expenses entitled to priority under § 503(b)(2) of the Bankruptcy Code in these cases which must be funded to prosecute such claims.

7. On February 23, 2012, the Court entered the Final Order to permit intercompany borrowing among the Debtors' estates with a superpriority administrative expense claim under sections 364(c)(1), 503(b) and 507(b) of the Bankruptcy Code. The only source of credit available to the Trustee is the borrowing of Trustee Loan Obligations under the Final Order.

8. On March 13, 2013, the Trustee filed his Application to Amend the Final Order Authorizing Intercompany Borrowing Among Certain Debtors' Estates, seeking Court approval to increase the aggregate borrowing limit from $1 million to $2 million [D.I. 500]. This Application was granted after notice and a hearing on March 19, 2013 [D.I. 507].

9. On July 15, 2013, the Trustee filed his Second Motion to Amend the Final Order Authorizing Intercompany Borrowing Among Certain Debtors' Estates, seeking Court approval to increase the aggregate borrowing limit from $2 million to $3 million

---

[2] The Action was originally filed on September 26, 2012 as an adversary proceeding in this Court, No. 12-0495. Subsequently, on December 3, 2013, Judge Zagel granted motions by certain defendants to withdraw the reference.

[D.I. 583].  This Motion was granted after notice and a hearing on July 18, 2013 [D.I. 585].

**Maturity of the Trustee Loan Obligations**

10. Under Paragraph 4 of the Final Order, the Trustee Loan Obligations are payable on demand or, if demand is not made, on the 5th anniversary of the entry of the Final Order, to wit, February 24, 2017.

11. Under Paragraph 8(a)(1) of the Final Order, failure to repay the Trustee Loan Obligations when due constitutes an Event of Default.

12. Under Paragraph 9 of the Final Order, if an Event of Default has not been cured after a Lender gives 5 business days' notice, then, subject to the Carve-Out, the Lender may seek an order from the Court to enforce the Note in question.

13. To date, the Trustee Loan Obligations have not been repaid, and no Lender has provided any notice or demand to repay any Note or asked the Court for any order enforcing any Note.  As of July 2018, the Trustee Loan Obligations totaled approximately $2.8 million.

14. Under Paragraph 10(f) of the Final Order, the Trustee on behalf of a Borrower and Lender may amend or waive any provision of the Trustee Loan Obligations, provided that such amendment or waiver is, in the Trustee's judgment, non-prejudicial to the rights of third parties or is not material, and provided further that any amendment or waiver impacting the right of a Lender must in fact be non-prejudicial or not material.  Moreover, any amendment or waiver must be signed on behalf of the Lender and approved by the Court.

15. The Trustee, in his judgment, submits that an extension of the maturity date for the Trustee Loan Obligations, a corresponding extension of the Notes, and a

5

waiver of existing defaults is in the best interests of the Debtors. The Trustee submits that Lenders will not be prejudiced because there are currently insufficient estate assets to pay off the Trustee Loan Obligations, and the best chance of payoff will come from any recoveries in the Action, which remains pending.

16. At or around the time the Final Order was entered, the Trustee had anticipated that the Action would be resolved in 5 years, at which time the Trustee Loan Obligations might be repaid. However, that has not been the case. There were three subsequent amendments to the complaint in the Action and multiple rounds of motion to dismiss briefing. Discovery relating to the claims and defenses to the Third Amended Complaint in the Action has only just begun in 2019.

17. Although no discovery schedule or trial date has yet been set in the Action, the Trustee is hopeful that the Action can be resolved within the next three to five years.

## II.
## RELIEF REQUESTED

18. To allow the Trustee additional time to litigate and resolve the claims in the Action and obtain recoveries from which the Trustee Loan Obligations may be repaid, the Trustee requests an extension of the maturity date for the Trustee Loan Obligations to February 24, 2024, the 12th anniversary of the entry of the Final Order.

19. Thus, the Trustee requests that Paragraph 4 of the Final Order be deleted and replaced with the following language:

> **4.    Commitment Termination Date.** The Trustee Loan Obligations will be payable on demand or, if demand is not made, on the 12th anniversary of the entry of this Final Order.

20. **Along with proposed amendment to the Final Order, the Trustee asks the Court to authorize an extension to the maturity dates of the Notes and waivers of defaults arising from non-payment of the Trustee Loan Obligations as of the original maturity date of February 24, 2017.**

### III.
### CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court (i) grant this Motion and (1) amend and extend the maturity date of the Trustee Loan Obligations to the 12th anniversary of the entry of the Final Order, (2) authorize extensions of the maturity dates of the Notes to the same date, (3) authorize waivers of defaults or events of default arising from nonpayment of the Trustee Loan Obligations by the original maturity date in the Final Order, and (ii) grant such further relief as it deems just and proper.

**Dated: April 29, 2019**                     Respectfully submitted,

ALEX D. MOGLIA, NOT INDIVIDUALLY, BUT SOLELY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE

By: /s/ J. Mark Fisher
J. Mark Fisher
Jin Yan
Schiff Hardin LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
(312) 258-5500 (phone)
(312) 258-5700 (fax)
mfisher@schiffhardin.com
jyan@schiffhardin.com

*Counsel for the Chapter 7 Trustee*

CH2\22003063.1

7