**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| | ) | |
| **PASQUINELLI HOMEBUILDING,** | ) | **Case No. 11 B 14829** |
| **LLC, et al.,** | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | **Hon. Jacqueline P. Cox** |

**AMENDED
ILLINOIS NATIONAL INSURANCE COMPANY'S APPLICATION TO SET HEARING
ON EMERGENCY MOTION TO QUASH PASQUINELLI TRUST DEFENDANTS'
SUBPOENAS PURSUANT TO FED. R. CIV. P. 45 AND FED. R. CIV. P. 26**

NOW COMES Respondent, ILLINOIS NATIONAL INSURANCE COMPANY ("Illinois National"), by and through its undersigned counsel, and pursuant to General Order No. 12-01, applies for an order setting a hearing on an emergency Motion to Quash Pasquinelli Trust Defendants' Subpoenas Pursuant to Fed. R. Civ. P. 45 and Fed. R. Civ. P. 26. A copy of the Motion to Quash is attached hereto as "**Exhibit 1**". In support of this Application, Illinois National states as follows:

1.      According to General Order No. 12-01, "[a] motion may be treated as an emergency only if it arises from an occurrence that could not reasonably have been foreseen and requires immediate action to avoid serious and irreparable harm."

2.      Illinois National and Mr. O'Neil could not have foreseen the issuance of procedurally and substantively improper subpoenas on them by the Pasquinelli Trust Defendants in connection with this matter.

3.      On August 13, 2020, the Pasquinelli Trust Defendants emailed a copy of the Subpoena to counsel for Illinois National calling for "Illinois National Insurance Company (AIG)" to appear and testify at trial remotely by videoconference on August 19, 2020 at 10:00 a.m. and to

-1-

produce various documents, and also sent the Subpoena via FedEx for next day delivery. (**Ex. 1** at **Ex. A**). The email was issued four (4) business days prior to the August 19 hearing and a FedEx delivery of the Subpoena to Illinois National was apparently scheduled for three (3) business days prior to the August 19 hearing.

4.      On August 13, 2020, the Pasquinelli Trust Defendants also emailed a copy of the Subpoena to Mr. O'Neil calling for him to appear and testify at trial remotely by videoconference on August 19, 2020 at 10:00 a.m., and also sent the Subpoena via FedEx for next day delivery. (**Ex. 1** at **Ex. B**). The email was issued four (4) business days prior to the August 19 hearing, and a FedEx delivery of the Subpoena to Mr. O'Neil was scheduled for three (3) business days prior to the August 19 hearing.

5.      Due to the timing of these Subpoenas, Illinois National and Mr. O'Neil could not file their Motion to Quash and provide the required seven (7) day notice pursuant to this Court's Second Amended General Order 20-03.

6.      Moreover, as the trial in this matter is scheduled for this Wednesday, August 19th, a hearing on the Motion to Quash requires immediate action to avoid serious and irreparable harm to Illinois National and Mr. O'Neil.

7.      The Subpoena for testimony and documents issued to Illinois National has no relevance whatsoever to the subject of the August 19 hearing before this Court. Mr. O'Neil's only tangential relationship to this matter is as outside counsel to Illinois National. Mr. O'Neil is not party to any litigation with any of the parties to this matter. Illinois National is also not party to this proceeding. Illinois National's only role is to fund a settlement if approved by this Court.

8.      Regardless, whether Illinois National may properly fund the settlement is not the subject of the hearing before this Court on August 19, 2020, and the Pasquinellis cannot utilize

this hearing as a means to try to extricate testimony from Illinois National, and certainly not its counsel, to use in the Coverage Lawsuit.

9.    Demonstrating this further, Illinois National understands that the Pasquinelli Trust Defendants moved to stay this Court's August 19 hearing in lieu of the Coverage Lawsuit on the basis that one was a predicate to the other, which Motion was denied. (Doc. # 1155, Doc. # 1169).

10.    Illinois National seeks to quash the Subpoenas sent to it and Mr. O'Neil on several grounds reflected in the attached Motion to Quash, including that the Subpoenas are unduly burdensome because they fail to designate any topics for testimony and were untimely issued and not properly served.

11.    For the above-stated reasons and the reasons set forth in their attached Motion to Quash, Illinois National and Mr. O'Neill request that their Application for an order setting a hearing on an Emergency Motion to Quash Pasquinelli Trust Defendants' Subpoenas Pursuant to Fed. R. Civ. P. 45 and Fed. R. Civ. P. 26 be granted.

WHEREFORE, Respondents, ILLINOIS NATIONAL INSURANCE COMPANY respectfully requests that this Honorable court enter an Order granting its Application to Set Hearing on Emergency Motion to Quash Pasquinelli Trust Defendants' Subpoenas pursuant to Fed. R. Civ. P. 45 and Fed. R. Civ. P. 26, and for any other relief deemed appropriate.

Respectfully submitted:

**ILLINOIS NATIONAL INSURANCE COMPANY**

By:    */s/ Brendan P. McGarry*
        One of Its Attorneys

Brendan P. McGarry
David T. Brown
Jamie L. Hull
KAUFMAN DOLOWICH & VOLUCK LLP
135 S. LaSalle St., Suite 2100
Chicago, IL 60603
T: (312) 759-1400
F. (312) 759-0402
E: bmcgarry@kdvlaw.com
E: dbrown@kdvlaw.com
E: jhull@kdvlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the foregoing documents were served on the attorneys of record that are listed on the Courts CM/ECF system by electronic means this 18th day of August, 2020:

*/s/ Brendan P. McGarry*

# Exhibit

# 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| | ) | |
| **PASQUINELLI HOMEBUILDING,** | ) | **Case No. 11 B 14829** |
| **LLC, et al.,** | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | **Hon. Jacqueline P. Cox** |

**ILLINOIS NATIONAL INSURANCE COMPANY'S MOTION TO QUASH
PASQUINELLI TRUST DEFENDANTS' SUBPOENAS
PURSUANT TO FED. R. CIV. P. 45 and Fed. R. Civ. P. 26**

NOW COMES Respondent, ILLINOIS NATIONAL INSURANCE COMPANY ("Illinois National"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 45 and Fed. R. Civ. P. 26[1], moves to quash the subpoenas issued to Illinois National and its counsel Mr. E. Joseph O'Neil, by those persons and entities who are referred to in the Subpoenas as the "Pasquinelli Trust Defendants" ("the Subpoena"). A copy of the Illinois National Subpoena is attached hereto as "**Exhibit A**" and a copy of Mr. O'Neil's Subpoena is attached hereto as "**Exhibit B**". In support of this Motion, Illinois National states as follows:

**INTRODUCTION**

1.     On August 13, 2020, the Pasquinelli Trust Defendants emailed a copy of the Subpoena to counsel for Illinois National calling for "Illinois National Insurance Company (AIG)" to appear and testify at trial remotely by videoconference on August, 19, 2020 at 10:00 a.m. and to produce various documents, and also sent the Subpoena via FedEx for next day delivery. (**Ex. A**). The email was issued four (4) business days prior to the August 19 hearing, and a FedEx

---

[1] Fed. R. Civ. P. 26 and 45(c), (d), (e), and (g) are made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016.

-1-

delivery of the Subpoena to Illinois National was apparently scheduled for three (3) business days prior to the August 19 hearing.

2.    The Subpoena for trial testimony sent to Illinois National is unduly burdensome and should be quashed because it improperly seeks Rule 30(b)(6) testimony at a trial hearing from a non-party, it fails to designate any topics for testimony, it is issued to a third-party with no relevant testimony to bear on the proceeding, and it was untimely issued and not properly served.

3.    The Subpoena request for documents sent to Illinois National is also unduly burdensome and should be quashed because it is irrelevant to this proceeding, and duplicative of requests made by two of the Pasquinelli Trust Defendants in separate pending litigation between the Pasquinellis and Illinois National, to which Illinois National has previously responded.

4.    The Subpoena for trial testimony sent to Mr. O'Neil is also unduly burdensome and should be quashed because it fails to designate any topics for testimony, it is issued to a third-party with no relevant testimony to bear on the proceeding, and it was untimely issued and not properly served.

## **ARGUMENT**

5.    "District courts have the discretion to grant, deny or modify a motion to quash a subpoena." *American Soc. of Media Photographers, Inc. v. Google, Inc.*, 2013 WL 1883204 (N.D. Ill. May 6, 2013), *citing Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008). When analyzing whether a burden is "undue" such as to warrant quashing the Subpoena, the Seventh Circuit employs a relative hardship test. *Id.*, *citing Northwestern Mem. Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). The factors to be considered include: Whether (1) the party subpoenaed is a non-party in the underlying suit; (2) the information requested is relevant, (3) the party requesting the information has a substantial need for the information; (4) the information requested is overly

broad; (5) the time period the request covers is reasonable; (6) the request is sufficiently particular; and (7) the request imposes a burden. *Id.*, *citing Wi-Lan v. LG Electronics, Inc.*, 2011 WL 148058 (N.D. Ill. Jan. 18, 2011). Non-parties, such as Illinois National, "are not treated exactly like parties in the discovery context, and the possibility of mere relevance may not be enough; rather, non-parties are entitled to somewhat greater protection." *Patterson v. Burge*, 2005 WL 43240 at *1 (N.D. Ill. Jan. 6, 2005).

**A.**     <u>Subpoena for Trial Testimony Sent to Illinois National Should Be Quashed</u>

6.     The Subpoena for testimony issued to Illinois National has no relevance whatsoever to the subject of the August 19 hearing before this Court, as Illinois National's role is merely to fund a settlement if approved by this Court. As this Court is aware, two of the Pasquinelli Trust Defendants in this action have filed an insurance coverage lawsuit against Illinois National and the Outside Directors, originally under Illinois state court Case No. 2019 CH 06904, but which action has since been removed to Judge Norgle in this District under Case No. 20-cv-01317 (the "Coverage Lawsuit"). In the Coverage Lawsuit, the Pasquinellis assert that Illinois National will be acting improperly by funding the proposed settlement between the Outside Directors and the Trustee. There is no legal support for the Pasquinellis' position, as Illinois law plainly confirms that an insurer such as Illinois National may settle a matter on behalf of less than all insureds if a settlement opportunity is presented within limits, and demand for payment is made by such insureds. *See*, *e.g.*, *Country Mut. Ins. Co. v. Anderson*, 257 Ill. App. 3d 73, 80 (1st Dist. 1993) (holding that an insurer's settlement on behalf of less than all insureds was proper and in accordance with its obligations under an insurance policy), citing *LaRotunda v. Royal Globe Ins. Co.*, 87 Ill. App. 3d 446 (1st Dist. 1980), *Phelan v. State Farm Mut. Auto. Ins. Co.*, 114 Ill. App. 3d 96 (1st Dist. 1983), and *Scroggins v. Allstate Ins. Co.*, 74 Ill. App. 3d 1027 (1st Dist. 1979).

Regardless, whether Illinois National may properly fund the settlement is not the subject of the hearing before this Court on August 19, 2020, and the Pasquinellis cannot utilize this hearing as a means to try to extricate testimony from Illinois National to use in the Coverage Lawsuit. Demonstrating this further, Illinois National understands that the Pasquinelli Trust Defendants moved to stay this Court's August 19 hearing in lieu of the Coverage Lawsuit on the basis that one was a predicate to the other, which Motion was denied. (Doc. # 1155, Doc. # 1169). Illinois National therefore moves to quash the Subpoena for trial testimony as being issued for an irrelevant and improper purpose.

7.      The Subpoena for trial testimony is also improper and must be quashed because it only names "Illinois National Insurance Company (AIG)" as the person to whom the Subpoena is directed, without identifying a specific individual. The Pasquinelli Trust Defendants may not force Illinois National through a Rule 45 subpoena to identify and prepare an appropriate trial witness the way it might for a deposition pursuant to Fed. R. Civ. P. 30(b)(6). *See, e.g., Hill v. National Railroad Passenger Corp.*, 1989 WL 87621 at *1-2 (E.D. La. July 28, 1989)(granting defendant's motion to quash a trial subpoena and finding that there "is no provision allowing the use of the 30(b)(6)-type designation" to "compel a particular person, who may be a corporate employee outside the subpoena power of the court, to testify at trial."); *Dopson-Troutt v. Novartis Pharmaceuticals Corp.*, 295 F.R.D. 536, 539 (M.D. Fla. 2013)(finding corporate witness subpoena was not appropriate for trial testimony; such a deposition was instead applicable to the deposition of a corporation); *In re Otero County Hosp. Ass'n, Inc.*, 2014 WL 184984 at *10 (D. N.M., Bankr. Jan 15, 2014)("The Court finds that it is not sufficient for the UTC to use their Final Fact Witness Disclosures as a substitute for seeking a Rule 30(b)(6) deposition with the idea of serving a trial subpoena on a corporation or other form of organization that does not name an individual but

instead specifies particular matters on which testimony is to be given."). For this reason alone, the Subpoena should be quashed.

8.     A Rule 30(b)(6) Subpoena, which is what the Pasquinelli Trust Defendants are trying to effectuate, must also state with "reasonable particularity" the matters for deposition. The Subpoena does not include any list of topics for oral testimony and Illinois National objects to providing oral testimony to an open-ended Subpoena. The Subpoena for trial testimony should be quashed for failing to identify with any particularity whatsoever the scope of purported testimony compelled.

9.     This Court's Pretrial Order for Video Hearing dated July 31, 2020 and attached to the Subpoena states at paragraph 3.a. that, "on or before August 12, 2020, each party must file with the court, provide to each other, and provide to each witness a copy of each exhibit the party may use at the hearing for any purpose." (**Ex. A**). The Pasquinelli Trust Defendants did not provide to Illinois National any designation of exhibits or any copies of exhibits on or before August 12, 2020 (or as of the date of this filing). Illinois National objects to any testimony sought for materials not provided to Illinois National per this Court's Pretrial Order, and submits that the Subpoena should be quashed on this additional basis.

10.     Service of a Rule 45 Subpoena by email and Federal Express is not proper service. (*See*, Trustee's Objections at Doc. # 1179 Page 6 of 15). The Subpoena should be quashed for this additional reason.

11.     The timing of the Subpoena for a 30(b)(6)-style deposition also mandates quashing the Subpoena. Four (4) business days' notice by email to counsel, which is not proper service, to respond to an unnamed corporate 30(b)(6)-type designation trial subpoena, without providing any list of testimony topics, subjects Illinois National to an undue burden of responding in an

unreasonably short amount of time. The Court must quash a subpoena if it fails to allow a reasonable time for compliance or subjects the deponent to an undue burden. Fed.R.Civ.P. 45(d)(3)(A)(i); *Elliot v. Mission Trust Servs., LLC*, 2015 U.S. Dist. LEXIS 45412 at \*12 (N.D. Ill. 2015). Fed.R.Civ.P. 45(d)(2)(B) suggests that 14 days is the benchmark for time for compliance; and courts have found that fourteen days from the date of service is presumptively reasonable. *Elliot*, 2015 U.S. Dist. LEXIS 45412, \*14. The Subpoena for testimony here is untimely and should be quashed.

12. The factors considered in the Seventh Circuit on a Motion to Quash under Rule 45 support quashing the Subpoena for trial testimony herein as follows: (1) Illinois National is a non-party in this proceeding and entitled to greater deference; (2) the information requested from Illinois National is wholly irrelevant, (3) the Pasquinelli Trust Defendants have no demonstrated need for the information subpoenaed in this proceeding from an insurance carrier, when the proceeding is regarding whether the proposed settlement is appropriate for a bankruptcy estate; (4)-(6) the information requested is overly broad, not regarding a reasonable time period, and not sufficiently particular, in that no topics for testimony are designated whatsoever; and (7) the request imposes further undue burden on Illinois National in that it was issued for a corporate designee on exceedingly short notice with no parameters provided whatsoever. For these reasons, Illinois National's Motion to Quash the Subpoena for trial testimony should be granted.

**B.      Subpoena for Documents Sent to Illinois National Should Be Quashed**

13. As with the Subpoena for trial testimony, the Illinois National Subpoena's request for documents of insurance claims materials and communications have no bearing on this proceeding, which Illinois National understands is regarding whether the proposed settlement is appropriate for the bankruptcy estate.

14.     Moreover, in the aforementioned Coverage Lawsuit, the Pasquinellis previously issued requests for production to Illinois National, to which Illinois National responded on December 30, 2019, and pursuant to which Illinois National produced certain documentation to the Pasquinellis bearing Bates Nos. 000001 to 004218.[2] The requests made in the Subpoena to Illinois National in this matter are substantively the same. Compare, in this respect, the three document requests made in the Subpoena for documents herein to requests 1.-5. made by the Pasquinellis in the requests for production propounded upon Illinois National in the Coverage Lawsuit last year, attached hereto as **"Exhibit C."** Illinois National responded to those requests and produced documents in the Coverage Litigation over eight months ago, and there is no basis to seek production of the same materials again.

15.     In this respect, this Court may quash the Subpoena if it seeks discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Fed. R. Civ. Proc. 26(b)(2). As the Subpoena is another, duplicative attempt to elicit the same materials from Illinois National and/or documents the Pasquinelli Trust Defendants could just have easily obtained <u>from themselves</u>, the Subpoena should be quashed. *See, e.g., Tresona Multimedia, LLC v. Legg*, 2015 WL 4911093 at *3 (N.D. Ill. Aug. 17, 2015)(granting non-parties' motion to quash where subpoena was duplicative of pending discovery requests). *See also Bada Co. v. Montgomery Ward & Co.,* 32 F.R.D. 208, 209-10 (S.D. Cal.1963)(non-parties "should not be burdened with the

---

[2] Illinois National also stands on and incorporates by reference, as necessary, all of its objections to the prior requests for production propounded upon Illinois National in the Coverage Lawsuit, as its response to the Subpoena for documents herein, including but not limited to all objections as to relevance, attorney-client privilege, work product protection, confidential settlement communication protections, and confidential and proprietary information protections applicable to Illinois National.

annoyance and expense of producing the documents sought unless the plaintiff is unable to
discover them from the defendant"); *Countryman v. Community Link Federal Credit Union,* 2012
WL 1143572, at *5 (N.D. Ind. April 3, 2012) ("A party's ability to obtain documents from a source
with which it is litigating is a good reason to forbid it from burdening a non-party
with production of those same documents.").

16.     The Subpoena for documents seeks irrelevant materials to this proceeding and it
seeks protected and privileged materials, so the Subpoena for documents should be quashed
pursuant to Rule 45(d). The Subpoena also seeks materials already requested and produced in
separate litigation months ago, and should also be quashed pursuant to Rule 26(b)(2).

### C.    Subpoena for Trial Testimony Sent to Mr. O'Neil Should be Quashed

17.     The Subpoena for testimony issued to Mr. O'Neil also has no relevance whatsoever
to the subject of the August 19 hearing before this Court. Mr. O'Neil's only tangential relationship
to this matter is as outside counsel to Illinois National. Mr. O'Neil is not party to any litigation
with any of the parties to this matter. His client Illinois National is also not party to this proceeding,
as explained above, and it has no relevant information for the noted proceeding. Mr. O'Neil is also
located in Boston, not within 100 miles of this Court. Thus, the Subpoena should be quashed
pursuant to Rule 45.

18.     Service of a Rule 45 Subpoena solely by email and Federal Express is also not
proper service.  (*See*, Trustee's Objections at Doc. # 1179 Page 6 of 15). The Subpoena issued to
Mr. O'Neil should be quashed for this additional reason.

19.     The Subpoena also does not include any list of topics for oral testimony and Illinois
National objects to Mr. O'Neil providing oral testimony to an open-ended Subpoena regarding his

conduct as counsel for Illinois National. The Subpoena for trial testimony should be quashed for failing to identify with any particularity whatsoever the scope of purported testimony compelled.

20.     The Court must also quash a subpoena if it fails to allow a reasonable time for compliance or subjects the deponent to an undue burden. Fed.R.Civ.P. 45(d)(3)(A)(i); *Elliot v. Mission Trust Servs.*, *LLC*, 2015 U.S. Dist. LEXIS 45412 at *12 (N.D. Ill. 2015). Fed.R.Civ.P. 45(d)(2)(B) suggests that 14 days is the benchmark for time for compliance; and courts have found that fourteen days from the date of service is presumptively reasonable. *Elliot*, 2015 U.S. Dist. LEXIS 45412, *14. The Subpoena for testimony here is untimely and should be quashed.

21.     This Court's Pretrial Order for Video Hearing dated July 31, 2020 and attached to the Subpoena states at paragraph 3.a. that, "on or before August 12, 2020, each party must file with the court, provide to each other, and provide to each witness a copy of each exhibit the party may use at the hearing for any purpose." (**Ex. A**). According to the records of this Court, the Pasquinelli Trust Defendants did not provide to Mr. O'Neil any designation of exhibits or any copies of exhibits on or before August 12, 2020 (or as of the date of this filing). Illinois National objects to Mr. O'Neil providing any testimony sought for materials not provided to him per this Court's Pretrial Order, and submits that the Subpoena should be quashed on this additional basis.

22.     Illinois National files this Motion to Quash as it pertains to Mr. O'Neil with his permission and approval.

### III.     <u>CONCLUSION</u>

For the above-stated reasons, Illinois National respectfully requests that its Motion to Quash be granted.

WHEREFORE, Respondent, ILLINOIS NATIONAL INSURANCE COMPANY, respectfully requests that this Honorable court enter an Order quashing the Pasquinelli Trust

Defendants' Subpoena issued to Illinois National, and their Subpoena issued to Mr. O'Neil, and

for any other relief deemed appropriate.

Respectfully submitted:

**ILLINOIS NATIONAL INSURANCE COMPANY**

By:    */s/ Brendan P. McGarry*
One of Its Attorneys

Brendan P. McGarry
David T. Brown
Jamie L. Hull
KAUFMAN DOLOWICH & VOLUCK LLP
135 S. LaSalle St., Suite 2100
Chicago, IL 60603
T: (312) 759-1400
F. (312) 759-0402
E:  bmcgarry@kdvlaw.com
E: dbrown@kdvlaw.com
E: jhull@kdvlaw.com

4821-8033-4536, v. 1

# Exhibit

# A

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN _____   District of   ILLINOIS, EASTERN DIVISION _____

In re   PASQUINELLI HOMEBUILDING, LLC, et al.,
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.   11 B 14829 _____

Chapter   7 _____

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No.   _____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Illinois National Insurance Company (AIG)
_____
*(Name of person to whom the subpoena is directed)*

■ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE The trial will be conducted remotely by videoconference in accordance with the attached Pretrial Order | COURTROOM |
| --- | --- |
| | DATE AND TIME   August 19, 2020, at 10:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:
(1) AIG's claim file related to this matter; (2) All agreements between AIG and/or the Outside Directors, Trustee, or Diamond McCarthy; and (3) All communications related to the settlement agreement between the Trustee and Outside Directors

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/13/2020 _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Pasquinelli Trust Defendants , who issues or requests this subpoena, are:

Daniel A. Zazove, Perkins Coie LLP, 131 S. Dearborn St., Ste. 1700, Chicago, IL 60603

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PASQUINELLI HOMEBUILDING, | ) | Case No. 11 B 14829 |
| LLC, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Jacqueline P. Cox |

## PRETRIAL ORDER FOR VIDEO HEARING

This matter is set for hearing on the Trustee's Motion to Approve Settlement with Outside Directors [Dkt. No. 1123] on <u>Wednesday, August 19, 2020</u>, at <u>10:00 a.m.</u> In accordance with General Order No. 20-5, the hearing will be held remotely by videoconference using the Zoom for Government videoconferencing platform. No participants will be physically present in the courtroom. The COVID-19 public health emergency constitutes good cause in compelling circumstances for holding the hearing remotely by conference. Zoom for Government and this Order provide appropriate safeguards.

At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the provisions of this Order will govern the course of proceedings:

**1. Participation by Video.**

      **a. Connecting to Zoom.** Before the hearing date, chambers staff will provide a link or URL (internet address) that will allow participation in the hearing. To participate, an attorney or witness must click on the link (paste the URL into the computer's browser and hit "Enter") and then follow the instructions.

      **b. Required Equipment.** Zoom permits access to the video portion via computer and access to the audio portion via either computer or telephone.

      **i. Video.** To use the video portion of Zoom, each attorney and witness must have a computer equipped with (a) a camera capable of sending and receiving video using Zoom; (b) Internet browsing software that will accommodate Zoom; (c) a stable Internet connection and bandwidth sufficient to support Zoom; and (d) Adobe Acrobat Reader for the purpose of reviewing exhibits. It is not necessary to download and install Zoom software.

      **ii. Audio.** To use the audio portion of Zoom, each attorney must have *either* (a) a computer equipped with a microphone and speakers *or* (b) a telephone. If the telephone is a cellular phone, the attorney or witness must be in a location with service adequate to provide clear audio.

**c. Witness Testimony.** All witnesses will be placed under oath, and their testimony will have the same effect as if they were testifying in open court. Each witness must testify from a quiet room. Witnesses must situate themselves so that other participants can see them, and the witnesses can see the video. While a witness is under oath and testifying, no person may be in the same room, the witness may have no documents in the room except exhibits the parties have submitted, and the witness may not communicate in any fashion with anyone other than the questioning attorney and the judge. If the witness and the witness's attorney need to communicate, the attorney must request a recess.

**d. Subpoenas to Third-Party Witnesses.** Each subpoena to a third-party witness must state the following in the box for the "Place" to appear: "The trial will be conducted remotely by videoconference in accordance with the attached Pretrial Order." A copy of the Pretrial Order must be attached to the subpoena and served on the witness.

**2. Technical Pre-Trial Conference.** On <u>August 11, 2020</u>, at <u>2:00 p.m.</u>, the court will hold a technical pre-trial conference to test the video technology. All parties and witnesses (except third-party witnesses) must participate. All participants are admonished not to discuss the substance of the hearing at the pre-trial conference and instead limit their comments to the functioning of the video technology and related procedural matters.

**3. Exhibits and Exhibit Lists.**

**a. Exhibits.** Seven (7) days before the hearing date, on or before August 12, 2020, each party must file with the court, provide to each other, and provide to each witness a copy of each exhibit the party may use at the hearing for any purpose. Each exhibit must be provided electronically as a separate pdf (Adobe Acrobat) file. Attorneys are responsible for ensuring that each pdf file can be opened successfully. Each exhibit must be clearly and sequentially numbered in the order of its probable presentation at the hearing. Each document must have a separate exhibit number.

**b. Exhibit Lists.** Each party must also file on the due date and provide to each other a list of the party's exhibits.

**c. Objections.** No later than three (3) days after receiving the opposing party's exhibits and exhibit list, each party must file and serve a list stating as to each exhibit whether there is an objection to the exhibit's admission. Relevance objections need not be listed and are reserved for the hearing. Any other objection not listed is waived. Any objection as to which a specific ground is not listed is also waived.

**4. Witnesses and Witness Lists.** Seven (7) days before the hearing date, on or before August 12, 2020, each party must file with the court and provide to each other a list of all witnesses the party intends to call at the hearing. The list must be divided into two categories: (a) witness who *will* be called to testify, and (b) witnesses who *may* be called to testify. For each witness, the list must provide the witness's name, email address, and telephone number (in case of an interruption in the video or audio portion of the trial) as well as a brief description of the subject matter of the witness's testimony.

All experts who will or may be called must be included on the witness list and must be specifically designated as "expert." A brief statement of the topic of each expert's testimony must be provided.

A party may submit a declaration or affidavit of any witness in lieu of some or all of that witness's direct testimony. Any such declaration or affidavit must comply with the provisions of paragraph 3.a and be filed and served along with its exhibits in accordance with paragraph 3.a. The witnesses may be subject to cross-examination.

**5. Courtroom Formalities.** Though held remotely by videoconference, the hearing constitutes a judicial proceeding. No one except the assigned court reporter or another person that the court directs may record the audio or video of the hearing. Formalities of a courtroom will be observed. Participants must dress appropriately and must conduct themselves in a suitable manner.

**6.** The objection of the non-settling Defendants is limited to the parameters of the September 27, 2019 pleading, Docket 1129. That pleading purports to reserve a right to make objections on the merits indefinitely. Neither the District Court nor the Bankruptcy Court has extended the October 4, 2019 objection deadline established in the September 12, 2019 order, Docket 1126, paragraph 2.

Dated:    July 31, 2020

_____

Jacqueline P. Cox
J. Cox
United States Bankruptcy Judge

3

# Exhibit

# B

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN                                    District of   ILLINOIS, EASTERN DIVISION

In re   PASQUINELLI HOMEBUILDING, LLC, et al.,
                        Debtor                              Case No.   11 B 14829

        *(Complete if issued in an adversary proceeding)*        Chapter   7

_____
                        Plaintiff                          Adv. Proc. No.  _____
                           v.
_____
                       Defendant

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   E. Joseph O'Neil
                        *(Name of person to whom the subpoena is directed)*

■ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE The trial will be conducted remotely by videoconference in accordance with the attached Pretrial Order | COURTROOM |
| | DATE AND TIME   August 19, 2020, at 10:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/13/2020

            CLERK OF COURT

                                        OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Pasquinelli Trust Defendants   , who issues or requests this subpoena, are:

Daniel A. Zazove, Perkins Coie LLP, 131 S. Dearborn St., Ste. 1700, Chicago, IL 60603

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PASQUINELLI HOMEBUILDING, | ) | Case No. 11 B 14829 |
| LLC, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Jacqueline P. Cox |

### PRETRIAL ORDER FOR VIDEO HEARING

This matter is set for hearing on the Trustee's Motion to Approve Settlement with Outside Directors [Dkt. No. 1123] on <u>Wednesday, August 19, 2020</u>, at <u>10:00 a.m.</u> In accordance with General Order No. 20-5, the hearing will be held remotely by videoconference using the Zoom for Government videoconferencing platform. No participants will be physically present in the courtroom. The COVID-19 public health emergency constitutes good cause in compelling circumstances for holding the hearing remotely by conference. Zoom for Government and this Order provide appropriate safeguards.

At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the provisions of this Order will govern the course of proceedings:

**1. Participation by Video.**

**a. Connecting to Zoom.** Before the hearing date, chambers staff will provide a link or URL (internet address) that will allow participation in the hearing. To participate, an attorney or witness must click on the link (paste the URL into the computer's browser and hit "Enter") and then follow the instructions.

**b. Required Equipment.** Zoom permits access to the video portion via computer and access to the audio portion via either computer or telephone.

**i. Video.** To use the video portion of Zoom, each attorney and witness must have a computer equipped with (a) a camera capable of sending and receiving video using Zoom; (b) Internet browsing software that will accommodate Zoom; (c) a stable Internet connection and bandwidth sufficient to support Zoom; and (d) Adobe Acrobat Reader for the purpose of reviewing exhibits. It is not necessary to download and install Zoom software.

**ii. Audio.** To use the audio portion of Zoom, each attorney must have *either* (a) a computer equipped with a microphone and speakers *or* (b) a telephone. If the telephone is a cellular phone, the attorney or witness must be in a location with service adequate to provide clear audio.

    **c. Witness Testimony.** All witnesses will be placed under oath, and their testimony will have the same effect as if they were testifying in open court. Each witness must testify from a quiet room. Witnesses must situate themselves so that other participants can see them, and the witnesses can see the video. While a witness is under oath and testifying, no person may be in the same room, the witness may have no documents in the room except exhibits the parties have submitted, and the witness may not communicate in any fashion with anyone other than the questioning attorney and the judge. If the witness and the witness's attorney need to communicate, the attorney must request a recess.

    **d. Subpoenas to Third-Party Witnesses.** Each subpoena to a third-party witness must state the following in the box for the "Place" to appear: "The trial will be conducted remotely by videoconference in accordance with the attached Pretrial Order." A copy of the Pretrial Order must be attached to the subpoena and served on the witness.

  **2. Technical Pre-Trial Conference.** On <u>August 11, 2020</u>, at <u>2:00 p.m.</u>, the court will hold a technical pre-trial conference to test the video technology. All parties and witnesses (except third-party witnesses) must participate. All participants are admonished not to discuss the substance of the hearing at the pre-trial conference and instead limit their comments to the functioning of the video technology and related procedural matters.

  **3. Exhibits and Exhibit Lists.**

    **a. Exhibits.** Seven (7) days before the hearing date, on or before August 12, 2020, each party must file with the court, provide to each other, and provide to each witness a copy of each exhibit the party may use at the hearing for any purpose. Each exhibit must be provided electronically as a separate pdf (Adobe Acrobat) file. Attorneys are responsible for ensuring that each pdf file can be opened successfully. Each exhibit must be clearly and sequentially numbered in the order of its probable presentation at the hearing. Each document must have a separate exhibit number.

    **b. Exhibit Lists.** Each party must also file on the due date and provide to each other a list of the party's exhibits.

    **c. Objections.** No later than three (3) days after receiving the opposing party's exhibits and exhibit list, each party must file and serve a list stating as to each exhibit whether there is an objection to the exhibit's admission. Relevance objections need not be listed and are reserved for the hearing. Any other objection not listed is waived. Any objection as to which a specific ground is not listed is also waived.

  **4. Witnesses and Witness Lists.** Seven (7) days before the hearing date, on or before

August 12, 2020, each party must file with the court and provide to each other a list of all witnesses the party intends to call at the hearing. The list must be divided into two categories: (a) witness who *will* be called to testify, and (b) witnesses who *may* be called to testify. For each witness, the list must provide the witness's name, email address, and telephone number (in case of an interruption in the video or audio portion of the trial) as well as a brief description of the subject matter of the witness's testimony.

All experts who will or may be called must be included on the witness list and must be specifically designated as "expert." A brief statement of the topic of each expert's testimony must be provided.

A party may submit a declaration or affidavit of any witness in lieu of some or all of that witness's direct testimony. Any such declaration or affidavit must comply with the provisions of paragraph 3.a and be filed and served along with its exhibits in accordance with paragraph 3.a. The witnesses may be subject to cross-examination.

**5. Courtroom Formalities.** Though held remotely by videoconference, the hearing constitutes a judicial proceeding. No one except the assigned court reporter or another person that the court directs may record the audio or video of the hearing. Formalities of a courtroom will be observed. Participants must dress appropriately and must conduct themselves in a suitable manner.

6. The objection of the non-settling Defendants is limited to the parameters of the September 27, 2019 pleading, Docket 1129. That pleading purports to reserve a right to make objections on the merits indefinitely. Neither the District Court nor the Bankruptcy Court has extended the October 4, 2019 objection deadline established in the September 12, 2019 order, Docket 1126, paragraph 2.

Dated: July 31, 2020

_____

_Jacqueline P. Cox_
J. Cox
United States Bankruptcy Judge

# Exhibit

# C

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT - CHANCERY DIVISION

| | | |
|---|---|---|
| BRUNO A. PASQUINELLI and<br>ANTHONY R. PASQUINELLI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  2019CH06904 |
| ILLINOIS NATIONAL INSURANCE<br>COMPANY, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| MICHAEL R. BUCHANAN, DAVE<br>COLMAR, BILL GILLILAN, CHUCK<br>OFENLOCH, JIM REID, and JIM<br>SHYMKUS, | ) ) ) ) ) | |
| Necessary Parties. | ) | |

### PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO
### DEFENDANT ILLINOIS NATIONAL INSURANCE COMPANY

The Plaintiffs, Bruno A. Pasquinelli and Anthony R. Pasquinelli (collectively referred to

as "Pasquinellis" or as "Plaintiffs"), by their attorneys, Tribler Orpett & Meyer, P.C, propound the

following Requests for Production of Documents to the defendant, Illinois National Insurance

Company ("Illinois National") and demand that all responsive documents or tangible items be

produced along with a signed affidavit of completeness within 28 days as required by Illinois

Supreme Court Rule 214:

In responding to these requests for production of documents furnish all information available to
You, including information in the possession of Your attorneys, or their investigators, and all
persons acting on Your behalf, and not merely such information known of Your own personal
knowledge.

1

If You refuse to respond to any of these requests for production of documents or to identify any document, on the basis of a claim of privilege or exemption from discovery, please furnish the following information for each such document:

     a.    date(s) the document was generated;
     b.    identify the author(s) of the document;
     c.    description of the document (e.g., letter, deed, memorandum, etc.);
     d.    identify any indicated recipient(s) of the document;
     e.    identify every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure;
     f.    subject matter of the document;
     g.    basis for claiming privilege or exemption from discovery; and
     h.    all facts upon which You rely to support Your claim or privilege or exemption from discovery.

In the event you object to any request for production of documents in whole or in part, state in complete detail in Your response the nature of Your objection, and comply with any part of the request to which You do not object.

These requests for production of documents require you to provide information within Your knowledge, and the knowledge of anyone over whom You have control, including without limitation any officer, agent, servant, employee, attorney, insurance company, investigator, or independent adjusting company.

Each request for production of documents shall be responded to as fully as possible at the time of the requests for production of documents. If investigation is continuing or discovery is not yet complete, the requests for production of documents shall nevertheless be responded to as fully as possible at the time the response is due.

These requests for production of documents shall be deemed continuing so as to require further and supplemental responses if you receive, become aware of, or generate additional responsive documents or information between the time of original responses and the time of the decision of this matter.

"Or" is used in the inclusive sense and should be read as "and/or." "Pasquinellis" means the plaintiffs, Bruno A. Pasquinelli and/or Anthony R. Pasquinelli.

"Illinois National" means the defendant, Illinois National Insurance Company.

"Outside Directors" means the Necessary Parties, Michael r. Buchanan, Dave Colmar, Bill Gillilan, Chuch Ofenloch, Jime Reid and/or Jim Shymkus.

"Necessary Parties" means the Outside Directors.

"Parties" means Passquinellis, Illinois National, collectively.

The "Moglia Lawsuit" refers to the lawsuit entitled, *Moglia v Pasquinelli et al.*, Case No. 1:13-cv-5024 (N.D.Ill.) and refers to that lawsuit both as currently pending in the United States District Court for the Northern District of Illinois and as originally filed in the Bankruptcy Court in that district.

"Trustee" refers to Alex Moglia, Trustee in Bankruptcy and plaintiff in the Moglia Lawsuit. The "Harris Lawsuit" refers to the case of *Harris N.A., et al. v. Pasquinelli Homebuilding, LLC, et al.*, Case No. 2010L006909, filed in the Circuit Court of Cook County, Illinois on or about June 14, 2010.

"Documents" means any writing or any other tangible things of any kind and description, however produced or reproduced, whether draft or final, original or reproduction, including but not limited to: letters, correspondence, memoranda, notes, transcripts, contracts, agreements, sound recordings and other memorials of telephone conversation, telegrams, books, magazines, newspaper, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype or telefax messages, communications, minutes, of meetings, inter-office communications, reports, financial statements, ledgers, books of account, proposals, prospectus, offers, invoices, bills, orders, receipts, checks, account statements, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings or materials similar to any of the foregoing, however denominated, and including drawings, graphs, charts, phono-records, data processing paper results, data print-outs, data computations (both in existence and stored in memory components), and other data compilations from which information can be obtained and translated, if necessary, through devices into reasonably usable form. The term "documents" also includes any copies of each document if such copies are in any way whatsoever not identical copies of the original, by reason of additional writing or notations or otherwise. The term "documents" refers to all of the foregoing items which are in your possession, custody or control, or in the possession, custody or control of any agent or employee of Illinois National and/or its attorneys.

## DOCUMENTS REQUESTED

1.      Documents, communications and agreements between Illinois National and Outside Directors, including their respective counsel.

2.      Documents, communications and agreements between Illinois National and the Trustee in the Moglia Lawsuit, including their respective counsel.

3.      Illinois National's claims file relating to the Harris lawsuit and/or claim.

4.      Illinois National's claims file relating to the Moglia lawsuit and/or claim.

5.      Illinois National's underwriting file for policy 01-669-79, effective March 29, 2009 to March 29, 2010 (the "Policy").

6.      Documents and communications with reinsurers regarding the Harris Lawsuit, Moglia Lawsuit and any claim related thereto.

3

7.      Claims manuals/guidelines of Illinois National relating to the settlement of claims under Illinois National policies against some but not all insureds.

8.      Claims manuals/guidelines of Illinois National relating to bad faith and/or fulfilling good faith obligations to insureds.

9.      Insurance policies issued to the Pasquinellis.

10.     Insurance policies issued to Outside Directors.

11.     Documents constituting, evidencing or in any way relating to settlement, possible settlement or negotiation of settlement of the Moglia Lawsuit.

12.     Documents constituting, evidencing or in any way relating to any analysis by Illinois National or its counsel of Pasquinellis' demand not to settle the Moglia Lawsuit on behalf of only the Outside Directors.

13.     Documents constituting, evidencing or in any way relating to any analysis by Illinois National or its counsel of the value of the claims asserted in the Moglia Lawsuit against the Pasquinellis, the Outside Directors and the other defendants, both collectively and individually.

14.     Documents constituting, evidencing or in any way relating to any analysis by Illinois National or its counsel preliminary to or part of setting, reviewing or revising reserves (This request is not seeking production of documents reflecting the amount of any such reserves).

15.     Documents constituting, evidencing or in any way relating to any analysis of the value of claims asserted in the Moglia Lawsuit against Outside Directors;

16.     Documents relating to or supporting Illinois National's Second Defense or its assertion that $3.5 million dollars is a reasonable amount to pay to settle claims made in the Moglia Lawsuit against the Outside Directors;

17.     In the event Illinois National intends to or is relying on advice of counsel, all documents and communications with counsel relating to the Harris lawsuit, the Moglia lawsuit, settlement of the Moglia lawsuit, negotiations of the Moglia lawsuit, demands to settle by Outside Directors or their counsel, demands not to settle by Pasquinellis or their counsel and case evaluations and analyses of counsel.

18.     Documents constituting, evidencing, evaluating, considering or relating in any way to Illinois National's  approval at any time to fund a settlement of the Moglia lawsuit on behalf of Outside Directors only in any amount.

4

One of the attorneys for Plaintiffs

Mitchell A. Orpett, Esq.
Tribler Orpett & Meyer, P.C.
225 W. Washington Street, Suite 2550
Chicago, Illinois 60606
(312) 201-6400
docket@tribler.com