UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                                          )     Bankr. No, 11-14829
                                                )     (Jointly Administered)
    Pasquinelli Homebuilding, LLC,              )
    et al.,                                     )     Chapter 7
                                                )
                Debtors.                        )     Hon. Jacqueline P. Cox
                                                )

**Order on ArentFox Schiff, LLP's Application for Compensation (Docket 1434) and
Findings of Fact and Conclusions of Law in Support Thereof**

This matter coming before the Court on the Fourteenth Interim Fee Application (the
"Fourteenth Application") of ArentFox Schiff LLP ("AFS"), as counsel for the Trustee, for
compensation for services rendered and reimbursement of expenses incurred for the period
October 1, 2022 through December 31, 2022 (the "Application Period"); the Court finding that
(i) it has jurisdiction over the matters raised in the Fourteenth Application; (ii) proper and
adequate notice of the Fourteenth Application has been given and no further notice is necessary;
and (iii) upon consideration of the Fourteenth Application and the record, and after due
deliberation, there is good cause for the granting of the Fourteenth Application in part and
denying it in part.

IT IS HEREBY ORDERED that:

1. The Fourteenth Application's request for compensation ("compensation request") is
granted in part, and denied in part.  The compensation request is granted in the amount of
$44,860.00, and denied in the amount of $709.50, for the reasons explained below.

2. The Fourteenth Application's Request for Expenses ("reimbursement request") in the
amount of $363.82 is granted.

2. AFS is allowed and awarded, and the Trustee is directed to pay to AFS, compensation
in the amount of $44,860.00, and reimbursement of expenses in the amount of $363.82 for the
Application Period (collectively, the "Compensation and Reimbursement"), for a total award of
$45,233.82.

3. The Trustee is authorized and directed to pay all Compensation and Reimbursement
that has not otherwise been paid through interim monthly fee statements out of any undedicated
funds on hand.

4. This Order is entered without prejudice to further requests for compensation detailed in
the Fourteenth Application and not included in the Compensation and Reimbursement awarded

in this Order, and/or from the Application period (as defined in the Tenth Application) covered therein.

### Findings of Fact and Conclusions of Law in Support of Order Awarding to ArentFox Schiff LLP, Counsel for the Trustee, for Allowance and Payment of Compensation and Reimbursable Expenses

Total Fees Requested: $45,569.50                Total Costs Requested: $363.82

Fees Disallowed: $709.50                         Costs Disallowed: $0.00

Total Fees Allowed: $44,860.00                   Total Costs Allowed: $363.82

Total Fees and Costs Requested: $45,933.32

Total Fees and Costs Allowed: $45,233.82

### (1) Unreasonable Time

The Court denies the allowance in part of compensation for the following tasks because the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended on the task. *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project . . . . An attorney should not be rewarded for inefficiency.") (citation omitted). "Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate." *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987)

Time Entry: October 12, 2022

Name: Jin Yan

Task: File omnibus objection to taxing claims and exhibits and notice of hearing.

Time Expended: 1.1 hours

The court finds that 1.1 hours of time spent to file an objection is an unreasonable amount of time spent on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended on the professional or another on the task. *See* Fourteenth Application (Docket 1434), Ex. D-1: Time for Pasquinelli Homebuilding, LLC, p. 2; *In re Pettibone*, 74 B.R. at 306. It does not take over an hour to file something on the docket. Other time entries in this application show that

considerably less time spent to file other documents on the docket. *See* Fourteenth Application (Docket 1434), Ex. D-1: Time for Pasquinelli Homebuilding, LLC, p. 5 (time entry for November 29, 2022 states that it took Mr. Yan 0.6 hours to "finalize and file fee application" and time entry for December 6, 2022 states that it took Mr. Yan 0.7 hours to "[f]ile 4th omnibus objection"). As a result, an unreasonable amount of time was spent on this task.

**Date**: June 7, 2023

ENTER: _____

Hon. Jacqueline P. Cox
United States Bankruptcy Judge